SELESTER GILTY, Plaintiff-Appellant, v. THE VILLAGE OF OAK PARK BOARD OF FIRE AND POLICE COMMISSIONERS *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—89—1343

Opinion filed September 6, 1991.

Armand L. Andry, of Oak Park, for appellant.

Klein, Thorpe & Jenkins, Ltd., of Chicago, for appellee Village of Oak Park Board of Fire and Police Commissioners.

Raymond Heise, of Oak Park, for other appellees.

JUSTICE GORDON delivered the opinion of the court:
Plaintiff, Selester Gilty, appeals from an order of the circuit court of Cook County, affirming the decision of the Village of Oak Park Board of Fire and Police Commissioners (the Board), discharging plaintiff from the Oak Park police force. Plaintiff raises numerous issues on appeal. The defendant Board has submitted a motion to dismiss this appeal due to plaintiff's failure to comply with the requirements of the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*). The motion was taken with the case. For the reasons set forth below, we grant defendant's motion.

FACTS
Plaintiff had been a member of the Oak Park police department since 1976. In 1984 he submitted himself as a candidate for promotion to the position of sergeant. As part of the promotion process, in September 1984, plaintiff completed a form entitled "Application for Promotional Examination." On this notarized form, he stated that he was "now attending Governor [*sic*] State Univ. (Master Program in Public Administration) Completed 17 Hours." Another form, entitled "Information Request of Sergeant Candidates," was completed and signed by the plaintiff in January 1985. The following statement was contained on that form: "List high school or GED and any further schools which you have graduated from or attended, noting year(s) at-

tended and degree, if any, and course of study." To this statement, plaintiff responded: "John Marshall (63), Mayfair Jr. Collage [sic] (74), Univ. Ill. C. C.(76) and completed 17 Hours on a Master's Program at Governor [sic] State University in Public Administration (32 Hour Program), and many other Police related schools."

On March 23, 1985, in a second phase of the promotion process, plaintiff was interviewed by two members of the Board, Commissioners Whiten and Matthies. Pursuant to department policy, the interview was tape recorded. At that interview, plaintiff was asked "in terms of personal and professional skills, knowledges [sic], abilities and competencies, all of those kind of good things about you, which of those do you think best qualifies you for a promotion to sergeant in this Department? *** What evidence can you give me for all the good things you just said about yourself?" He responded "Well, one is my educational background. As I have stated in the past, I am working on a Master's in public administration. I have also an AA degree in sociology and a Bachelor's degree in psychology. Those do not necessarily stipulate that I will be a great leader or a good leader, but those are what I would hope to be indicators." Plaintiff was not promoted.

In January 1988, Oak Park Police Chief William Kohnke asked all officers to complete a form entitled "Profile of Training and Interest in Future Training" as part of a new program he was instituting in the department. Under the heading "Expertise in Police Field," plaintiff wrote "B.A. in Police Adm. & Operations." Kohnke also examined each officer's personnel file, the applications for the 1985 sergeant's examination and the 1985 "Information Request for Sergeant Candidates" to determine each officer's training and educational background. He sought to verify the information on the various forms by receiving college transcripts from all institutions that officers indicated they had attended.

Having been unable to verify plaintiff's claimed educational achievements, on March 25, 1988, Chief Kohnke undertook a formal oral interrogation of the plaintiff regarding his educational background. When asked by the attorney for the village whether he had a degree in psychology from the University of Illinois in Chicago as claimed in January of 1985, plaintiff responded "To the best of my knowledge I had completed the requirements for a Bachelor degree, University of Illinois, in psychology, yes if that is what you mean." He admitted, however, that he did not have a formal document, a piece of paper from the university, showing that he had achieved the degree.

Plaintiff also said that he had fulfilled the requirements for a bachelor's degree in police administration and operations from Lewis University, and although he did not have a diploma evidencing that degree either, one would be provided to him upon request. He explained that he saw no need to attend a graduation ceremony since he had already started accumulating hours towards a master's degree at Lewis University in criminal and social justice. Plaintiff also stated that he had taken and passed the writing proficiency examination at Lewis University, a requirement for a bachelor's degree.

In addition, plaintiff was asked about his statement made in 1984, when he completed the "Information Request for Sergeant Candidates," that he had "completed 17 Hours on a Master's Program at Governors State University in Public Administration." He admitted that he was not officially enrolled in a master's degree program, but maintained that the courses he was taking could be applied to a master's degree. In later testimony, he further admitted that he left Governors State University after the fall quarter of 1983 due to financial and academic reasons, and had not petitioned the school for readmission.

When the plaintiff was unable to produce verification of the degrees which he claimed to possess or to offer a credible explanation at the March 25 hearing, Chief Kohnke and Commissioner Matthies (now former commissioner) brought four charges against him with the Board. In the first charge, plaintiff was accused of violating sections 28—5—73 and 26—7 of the Rules and Regulations of the Police Department of the Village of Oak Park, which read as follows:

"28—5—73 *Truthfulness:* Members and Employees are required to be truthful at all times whether under oath or not."

"26—7 *Reports and Bookings:* No Member or Employee shall knowingly falsify any official report or enter or cause to be entered any inaccurate, false or improper information on records of the Department."

Three specific violations of these rules were alleged in the first charge in conjunction with the sergeant's promotional process in 1984 and 1985. The violation alleged in subparagraph 1 of the first charge occurred on March 23, 1985, when plaintiff at his interview told the Board that he was working on a master's degree in public administration and had a bachelor's degree in psychology. Subparagraph 2 alleged violation of departmental rules in September 1984, when plaintiff, under oath, completed the form entitled "Application for Promotional Examination." He stated therein that he was attending Governors State University in a master's program in public adminis-

tration. The violation alleged in subparagraph 3 involved two of plaintiff's written answers on the form entitled "Information Request of Sergeant Candidates," which plaintiff submitted in January of 1985, where he gave the impression that he graduated from the University of Illinois in 1976, and indicated that he was enrolled in a master's program at Governors State University.

The second charge alleged violations of Illinois perjury statutes. (Ill. Rev. Stat. 1987, ch. 101, par. 5; ch. 38, par. 32—2.) This charge was dismissed by the Board prior to its final order.

The third charge invoked the same departmental rules as in the first charge. But the alleged violation here occurred in January 1988 when plaintiff stated on his "Profile of Training and Interest In Future Training" form that he had a "B.A. in Police Administrations and Operations."

The fourth and final charge involved the statements made by plaintiff on March 25, 1988, during interrogation by the police chief and the village attorney. Plaintiff allegedly again violated departmental rules 28—5—73 and 26—7, as in the first and third charges, when he said that he had passed the writing proficiency examination at Lewis University and was eligible for graduation.

After extensive hearings on the charges, the Board found plaintiff not guilty of the charges of subparagraphs 2 and 3 of the first charge, and guilty of the remaining charges. The Board also, before entering its final order, reviewed plaintiff's personnel file including his employment history, and on September 24, 1988, entered an order discharging the plaintiff. A copy of the findings and decision of the Board was mailed to plaintiff with a letter dated September 27, 1988.

On October 13, 1988, plaintiff filed a complaint for administrative review in the circuit court of Cook County. In that complaint plaintiff joined only two defendants, the Village of Oak Park Board of Fire and Police Commissioners and the Village of Oak Park. On November 15, 1988, defendant Board moved to strike and dismiss plaintiff's complaint for failure to name Police Chief Kohnke and Commissioner Matthies, who had initially filed the charges against plaintiff with the Board, as defendants as required by section 3—107 of the Administrative Review Law. (Ill. Rev. Stat. 1987, ch. 110, par. 3—107.) The Board's motion also sought to dismiss the Village of Oak Park as defendant since it was not a party of record to the proceedings before the Board.

On December 27, 1988, plaintiff filed a motion for a preliminary injunction seeking reinstatement to his position with the Oak Park police department, and on January 24, 1989, filed a response to defend-

ant's motion to dismiss. On January 26, 1989, the circuit court denied plaintiff's motion for preliminary injunction, granted defendant's motion to dismiss as to the Village of Oak Park, and granted plaintiff leave to amend his complaint to add Kohnke and Matthies as defendants. On February 2, 1989, plaintiff filed an amended complaint adding Kohnke and Matthies as defendants, and summons were issued to each of them that day.

The circuit court, by order entered April 10, 1989, affirmed the decision by the Board to discharge plaintiff. Notice of appeal to this court was filed by plaintiff on April 13, 1989. Defendants have filed a motion with this court to dismiss this appeal for lack of jurisdiction to review the decision of the Board. For the reasons set forth below, defendants' motion is granted.

OPINION

Defendants contend in their motion to dismiss this appeal that plaintiff's failure to name Police Chief Kohnke and Commissioner Matthies as defendants and to serve summons on them within 35 days of service of the Board's decision on plaintiff resulted in the circuit court being without jurisdiction to hear the case. Further, defendants urge that under the recent Illinois Supreme Court case of *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 549 N.E.2d 1266, the circuit court's order allowing plaintiff to amend his complaint more than 35 days after service of the Board's order on plaintiff was ineffective. Although we disagree with defendant's contention that the circuit court lacked jurisdiction, we nevertheless find that the complaint must be dismissed for failure to satisfy the statutory requirements of joinder of all required parties pursuant to section 3—107 of the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, par. 3—107), and service of summons upon them within 35 days pursuant to section 3—103 (Ill. Rev. Stat. 1987, ch. 110, par. 3—103), requirements which are mandatory, interlocking and nonwaivable. *Lockett,* 133 Ill. 2d 349, 549 N.E.2d 1266; *Cuny v. Annunzio* (1952), 411 Ill. 613, 104 N.E.2d 780; *Zientara v. Lottery Control Board* (1991), 214 Ill. App. 3d 961, *appeal denied* (1991), 141 Ill. 2d 580.

Judicial review of administrative decisions is governed by the Administrative Review Law (the Act) (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*). Relevant to this appeal are sections 3—102, 3—103 and 3—107 of that act. Section 3—102 defines the scope of the Act, and provides in part:

"Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the

proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." (Ill. Rev. Stat. 1987, ch. 110, par. 3—102.)

Section 3—103 sets forth the requirement of commencement of an action for administrative review under the Act, and provides in part:

"Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1987, ch. 110, par. 3—103.)

Section 3—107 defines who shall be made defendants to an action for review of an administrative decision. This section provides:

"In any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." Ill. Rev. Stat. 1987, ch. 110, par. 3—107.

The interpretation of these rules given by the Illinois Supreme Court in *Lockett* must control. There, the Chicago police superintendent filed disciplinary charges against Lockett with the Chicago Police Board. The board dismissed Lockett, and Lockett sought judicial review of that decision. He named the police board and its individual members as defendants. The circuit court granted the board's motion to dismiss the complaint due to Lockett's failure to name the superintendent as a defendant within the 35-day period of section 3—103, and also denied Lockett's request to amend his complaint to add the superintendent as a defendant. Lockett appealed. The appellate court found that although filing of a complaint within 35 days after the plaintiff receives notice of the administrative decision is a jurisdictional requirement, and failure to comply will bar review, failure to name the superintendent as a defendant did not render the complaint fatally defective. It reasoned that the superintendent was not required to be named as a defendant, since it was the board's decision, not the charges filed by the superintendent, which was being reviewed. The appellate court, therefore, reversed the dismissal order and remanded the case. (*Lockett v. Chicago Police Board* (1988), 176 Ill. App. 3d 792, 531 N.E.2d 837.) The supreme court granted the board leave to appeal and reversed the judgment of the appellate court and affirmed the circuit court judgment.

The Illinois Supreme Court first noted that the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*), which sets forth the procedural requirements for judicial review of an

administrative decision, is a departure from the common law, and therefore "the procedures it establishes must be strictly adhered to in order to justify its application." (*Lockett v. Chicago Police Board*, 133 Ill. 2d at 352-53, 549 N.E.2d at 1267, citing *Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 595, 95 N.E.2d 864, 869.) The court found that the clear and unambiguous language of section 3—107 required that the superintendent, who was a party of record to the proceedings before the board, be made a defendant in the action for administrative review. *Lockett*, 133 Ill. 2d at 354, 549 N.E.2d at 1267.

■ The court then went on to consider whether the circuit court should have allowed Lockett to amend his complaint to name the superintendent as a defendant. On this point, it looked to section 3—103, which requires the filing of a complaint and issuance of summons within 35 days from the time plaintiff receives a copy of the administrative decision. (Ill. Rev. Stat. 1987, ch. 110, par. 3—103.) "The requirement that a complaint be filed within the 35-day limit is jurisdictional; if a complaint is not timely filed, no jurisdiction is conferred on the circuit court and judicial review of the administrative decision is barred. (*Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 211.)" (*Lockett*, 133 Ill. 2d at 354-55, 549 N.E.2d at 1268.) However, if a complaint as filed joins less than all necessary parties, the jurisdictional requirement is satisfied. See *Zientara v. Lottery Control Board* (1991), 214 Ill. App. 3d 961, 970, *appeal denied* (1991), 141 Ill. 2d 580 (where the court stated "the *Lockett* court did not indicate that a failure to name a necessary defendant as required under section 3—107 would deprive the court of jurisdiction").

■ There is no question, however, that although the requirement of joinder of all parties under section 3—107 is not jurisdictional, it is mandatory (*Lockett*, 133 Ill. 2d at 354, 549 N.E.2d at 1267), as is the interrelated requirement for issuance of summons within 35 days under section 3—103. (*Lockett*, 133 Ill. 2d at 355, 549 N.E.2d at 1268.) While not depriving the court of jurisdiction, failure to comply with these mandatory requirements, namely the joinder of all necessary parties as defendants and the issuance of summons upon those parties within the 35-day time frame, nevertheless mandates dismissal in the absence of a good-faith effort to comply with the statute. (*Lockett*, 133 Ill. 2d at 355, 549 N.E.2d at 1268. See also *Zientara v. Lottery Control Board* (1991), 214 Ill. App. 3d 961, *appeal denied* (1991), 141 Ill. 2d 580.) The supreme court in *Lockett* acknowledged prior precedent which relaxed the 35-day period when plaintiff showed a good-faith effort to procure issuance of summons but failed in that effort

due to circumstances beyond plaintiff's control, such as failure of the court clerk to implement service after all prerequisites had been met by the plaintiff. (See *City National Bank & Trust Co. v. Property Tax Appeal Board* (1983), 97 Ill. 2d 378, 454 N.E.2d 652; *Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 451 N.E.2d 842.) In *Lockett,* however, the court concluded that there was no record of any good-faith effort by plaintiff to join and serve all defendants within 35 days, thus mandating dismissal. The court explicitly overruled several prior appellate decisions which had held that such failure to name and issue summons against necessary parties within 35 days could be cured by subsequent amendment regardless of any demonstrated good-faith effort. *Lockett,* 133 Ill. 2d at 356, 549 N.E.2d at 1269.

■ Here, it is undisputed that plaintiff did not name Police Chief Kohnke or Commissioner Matthies as defendants or serve them with summons within the requisite 35-day period. Both were parties of record to the administrative board's proceedings, and were, therefore, necessary parties to the judicial review under section 3—107. Although plaintiff's timely complaint naming fewer than all required defendants may have been sufficient to confer jurisdiction on the circuit court, plaintiff failed to comply with the mandatory requirements that all parties of record be named as defendants and summons issued in a timely manner. The record here, as in *Lockett,* is devoid of any evidence or, for that matter, any argument seeking to establish any good-faith effort by the plaintiff to name Kohnke and Matthies as defendants or to serve summons upon them within the 35-day time frame. Not until February 2, 1989, some four months after plaintiff's receipt of the Board's decision, were Kohnke and Matthies named as defendants and served with summons. Accordingly, we find that plaintiff has failed to comply with the specific procedural requirements of sections 3—107 and 3—103 requiring joinder and service of summons within 35 days. Under *Lockett,* such failure cannot be cured by subsequent amendment. Accordingly, plaintiff is barred from obtaining judicial review of the Board's decision.

Defendants here have properly preserved their objection to any late amendments by their motion to dismiss before the circuit court. Moreover, even in the absence of a timely objection, the requirements of the Administrative Review Law are not waivable. *Cuny v. Annunzio* (1952), 411 Ill. 613, 617, 104 N.E.2d 780, 782.

While the circuit court's review affirming the Board's decision on the merits was made before the supreme court's decision in *Lockett,* it is now clear that the merits should not have been reached and dis-

missal was mandated. However, since the circuit court's affirmance in favor of defendants reaches the same result as would have been reached had the complaint been dismissed by the circuit court, the order of that court need not be reversed, and this appeal is here and now dismissed. Because we have dismissed this appeal on procedural grounds, we do not address the substantive issues raised by plaintiff.

Appeal dismissed.

LORENZ, P.J., and McNULTY, J., concur.