FIRST DIVISION

August 4, 1997

      

                   

No. 1-94-3160

ROGER LACNY, ) Appeal from the  

 ) Circuit Court of

Plaintiff-Appellant, ) Cook County.

 )

    v. ) 

 )

POLICE BOARD OF THE CITY OF CHICAGO, ) The Honorable

) Albert Green,

Defendant-Appellee. ) Judge Presiding. 

JUSTICE GALLAGHER delivered the opinion of the court:

This case involves the constitutionality of sections 3--103 and 3--107(a) of the Administrative Review Law (the Act) (735 ILCS 5/3--103, 3--107(a) (West 1994)).  We are asked to determine whether section 3--103, as amended by Public Act 88--110, section 5, effective July 20, 1993, is special legislation in violation of article IV, section 13, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. IV, §13) or whether section 3--107(a) is void for vagueness. 

On January 25, 1993, the superintendent of police filed charges against plaintiff, Roger Lacny, before the Police Board of the City of Chicago, the defendant herein.  On February 1, 1994, the defendant ordered that plaintiff be discharged from his duty as a Chicago police officer.  On March 8, 1994, within the 35 days required by the Act, plaintiff filed a complaint in the circuit court seeking review of the defendant's decision.  In his complaint, plaintiff named the Police Board of the City of Chicago as a defendant, but he failed to name the superintendent of police.  On March 23, 1994, the superintendent filed a motion to dismiss based upon plaintiff's failure to name him as a defendant.  On August 19, 1994, the trial court entered an order dismissing the case based upon plaintiff's failure to comply with the relevant statutory requirements of the Act.  Plaintiff appeals from that order.

 Plaintiff raises several issues on appeal, some of which challenge the constitutionality of the relevant statutory provisions of the Act.  It is well established that constitutional questions will not be considered where the case can be determined on other, nonconstitutional grounds.  See 
People v. McDaniel
, 164 Ill. 2d 173, 180, 647 N.E.2d 266, 269,   (1995); 
People v. Mitchell
, 155 Ill. 2d 344, 356, 614 N.E.2d 1213, 1218 (1993); 
Clark v. Han
, 272 Ill. App. 3d 981, 990, 651 N.E.2d 549, 555 (1995).  Thus, we first consider those issues that do not involve constitutional questions.

In support of its motion to dismiss, the superintendent contended that the supreme court's decision in 
Lockett v. Chicago Police Board
, 133 Ill. 2d 349, 549 N.E.2d 1266 (1990) was dispositive in the instant case.  In 
Lockett
, similar to the case below, a Chicago police officer failed to name the superintendent of police in his timely filed complaint for administrative review of a decision of the police board. 
Lockett
, 133 Ill. 2d 349, 549 N.E.2d 1266.  The 
Lockett
 case was decided upon nonconstitutional grounds.  The supreme court held that the superintendent was a necessary party to the action pursuant to section 3--107(a) of the Act and that plaintiff's failure to name as a defendant and issue summons on the superintendent within the 35-day time period required under section 3--103 of the Act barred his action for administrative review. 
Lockett
, 133 Ill. 2d 349, 549 N.E.2d 1266.  In so doing, the 
Lockett
 court specifically stated that it was overruling previous appellate court decisions which had held that the failure to name and issue summons on necessary parties within the 35-day time limit could be cured by subsequent amendment. 
Lockett
, 133 Ill. 2d at 356, 549 N.E.2d at 1269.

The first argument advanced by plaintiff that does not involve a constitutional attack upon the statute in question is that his conduct falls within the good-faith exception discussed in 
Lockett
 whereby, "due to some circumstances beyond their control, summons was not issued [upon the necessary party] within the statutory period." 
Lockett
, 133 Ill. 2d at 355, 549 N.E.2d at 1268.  Plaintiff bases his argument on the mere fact that he sought to amend his defective complaint, contending that his efforts constituted a good-faith exception to the statutory requirements of section 3--107(a), which requires that "all persons, other than the plaintiff, who were *** parties of record to the proceedings before the administrative agency shall be made defendants." 735 ILCS 5/3--107(a)(West 1994).

The 
Lockett
 court noted that the clear and unambiguous language of section 3--107, which specified who shall be made defendants, is a requirement that "is mandatory and specific, and 
admits of no modification
." 
(Emphasis added.) 
Lockett
, 133 Ill. 2d at 354, 549 N.E.2d at 1268.  The plaintiff in 
Lockett
 had also sought to amend his complaint, far more expediently than did plaintiff here.  In spite of this, the court stated that its "review of the record fail[ed] to disclose[] any evidence of a good-faith effort to comply with [any of] the [relevant] requirements of the [A]ct," thus justifying the circuit court's dismissal. 
Lockett
, 133 Ill. 2d at 355-56, 549 N.E.2d at 1269.  The court noted that "[i]n cases where the 35-day requirement has been relaxed, the plaintiffs had made a good-faith effort to issue summons 
within
 the statutory period." (Emphasis added.) 
Lockett
, 133 Ill. 2d at 355, 549 N.E.2d at 1268.

It is inordinately clear that the good faith effort must be made within the 35 day period to justify an exception to the Act's requirements.  Plaintiff here made no attempt to do anything within the statutory period; thus, his argument that the good-faith exception should apply fails.  
Lockett
's progeny confirm this conclusion.  See 
Davis v. Chicago Police Board
, 268 Ill. App. 3d 851, 645 N.E.2d 274 (1994); 
Central States Co. v. Department of Employment Security
, 248 Ill. App. 3d 86, 618 N.E.2d 430 (1993); 
Murray v. Board of Review
, 237 Ill. App. 3d 792, 604 N.E.2d 1040 (
1992); 
Poturalski v. Police Board
, 228 Ill. App. 3d 864, 593 N.E.2d 781 (1992); 
Gilty v. Oak Park Board of Fire & Police Commissioners
, 218 Ill. App. 3d 1078, 578 N.E.2d 1294 (1991); 
Marozas v. Board of Fire & Police Commissioners
, 222 Ill. App. 3d 781, 584 N.E.2d 402 (1991).  
A plaintiff's inadvertence in failing to name a necessary party is not considered to be a good-faith effort. See 
Central States
, 248 Ill. App. 3d at 90, 618 N.E.2d at 433.  We hold that an attempt to amend a complaint that has failed to name all necessary parties as required by section 3--107(a) of the Act (735 ILCS 5/3--107(a) (West 1994)) does not constitute the good faith effort discussed in 
Lockett
, regardless of how soon the attempt is made after the 35 day period expires.

The next nonconstitutionally based argument offered by plaintiff is that the failure to name parties of record is not a jurisdictional defect and is therefore waivable.  He then contends that the right to dismissal pursuant to
 
Lockett
 was waived in this case because the superintendent voluntarily appeared and filed a motion to dismiss.  This argument fails for several reasons.  First, the requirements of the Act, generally speaking, are not waivable. 
Gilty v. Oak Park Board of Fire & Police Commissioners
, 218 Ill. App. 3d 1078, 578 N.E.2d 1294 (1991).  Second and more specifically, since the defendant's defense here is not a jurisdictional argument, the plaintiff cannot contend that the defendant waived the issue by appearing and filing a motion to dismiss.  The superintendent did not file a response on the merits but, instead, filed a motion to dismiss based on plaintiff's failure to comply with the mandatory requirements of the statute.  Since the time limit in which to name the necessary parties is a mandatory requirement and not a jurisdictional one, the superintendent was not required to file a special and limited appearance and could raise the issue in a motion to dismiss at any time before responding to the merits of the complaint.  See, 
e.g.
, 
Johnson v. Department of Public Aid
,  251 Ill. App. 3d 604, 606, 622 N.E.2d 50, 52-53 (1993); see also 
Zientara v. Lottery Control Board
, 214 Ill. App. 3d 961, 574 N.E.2d 747 (1991) (director's interjection of herself into the proceedings did not waive the mandatory duty imposed upon plaintiff to name her as a defendant).  Finally, appearance is irrelevant because although all named defendants wishing to appear may do so by filing a written appearance within the time fixed by supreme court rule, the only answer that is required in an administrative review proceeding is the administrative agency's record. 
Biscan v. Village of Melrose Park Board of Fire & Police Commissioners
, 277 Ill. App. 3d 844, 847, 661 N.E.2d 424, 427 (1996).

Because the foregoing analysis of plaintiff's arguments does not warrant disposal of this case on nonconstitutional grounds, we next address plaintiff's constitutional arguments.  Plaintiff first contends that section 3--103 of the Act, as amended in 1993, denies him equal protection under the law and violates the special legislation provision of the Illinois Constitution, which states in pertinent part that "[t]he General Assembly shall pass no special or local law when a general law is or can be made applicable."  Ill. Const. 1970, art. IV, §13.

Subsequent to the 
Lockett
 decision, the General Assembly amended section 3--103 of the Act as follows:

"§3--103. Commencement of action.  Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision, 
except that in municipalities with a population of 500,000 or less a complaint filed within the time limit established by this Section may be subsequently amended to add a police chief or a fire chief in cases brought under the Illinois Municipal Code's provisions providing for the discipline of fire fighters and police officers
.***

***

This amendatory Act of 1993 applies to all cases involving discipline of fire fighters and police officers pending on its effective date and to all cases filed on or after its effective date
." (Emphasis added.) 735 ILCS 5/3--103 (West 1994).

This amendment thus alleviated the harsh result of the 
Lockett
 decision, so that timely filed complaints that were defective merely because they failed to name the police chief (or fire chief) 
could now be amended, but only in municipalities with a population of 500,000 or less.  We take judicial notice of the fact that Chicago is the only municipality whose population is not 500,000 or less and, therefore, is the only municipality in which amendments to timely filed complaints would not be allowed.   Plaintiff contends that, apart from the population classification, he would be allowed to file an amendment to add the superintendent, thus curing the deficiency and avoiding dismissal of his complaint.  He alleges that the language in the statute creating the population classification has the effect of excluding him from those rights which other police officers in the state have been afforded and thereby both deprives him of equal protection and violates the special legislation provision of the Illinois Constitution.  We agree, but not for the specific reasons put forth by plaintiff.

Legislation which confers a benefit on one class and denies the same to another may be attacked both as special legislation and as a denial of equal protection, but both claims are generally judged by the same standard. 
Chicago National League Ball Club, Inc. v. Thompson
, 108 Ill. 2d 357, 367-68, 483 N.E.2d 1245, 1250 (1985).  The appropriate standard for review is the rational basis test,
 under which we must determine whether the classification at issue is rationally related to a legitimate state interest. 
Cutinello v. Whitley
, 161 Ill. 2d 409, 417-18, 641 N.E.2d 360, 363-64 (1994); 
Nevitt v. Langfelder
, 157 Ill. 2d 116, 125-26, 623 N.E.2d 281, 285 (1993).  For a statutory classification to survive constitutional attack, the classification must be based upon a rational difference of situation or condition found to exist in the persons or objects upon which such classification rests. 
In re Belmont Fire Protection District
, 111 Ill. 2d 373, 380, 489 N.E.2d 1385, 1388 (1986).  Classifications made by the General Assembly are presumed valid, and all doubts will be resolved in favor of upholding them. 
In re Petition of the Village of Vernon Hills
, 168 Ill. 2d 117, 122-23, 658 N.E.2d 365, 367 (1995).  A statute will be upheld "if any set of facts can be reasonably conceived which justify distinguishing the class to which the law applies from the class to which the statute is inapplicable."  
Bilyk v. Chicago Transit Authority
, 125 Ill. 2d 230, 236, 531 N.E.2d 1, 3 (1988).

The plaintiff interprets the population classification as correlating with the residence of the complainant or the municipality in which the police officer resides, thus excluding only police officers who reside in Chicago from the right to amend a complaint.  He contends that such discrimination against Chicago police officers is not reasonable since, for example, a police officer from Evanston would have the right to make a curative amendment even though both parties would file their complaints in the chancery division in downtown Chicago.  Plaintiff is correct regarding where such complaints will be filed.  The applicable circuit court general order provides that the chancery division's "General Chancery Section hears actions and proceedings *** concerning *** all administrative review". Cook Co. Cir. Ct. General Order No. 1.2 (Amended, eff. August 1, 1996).  Nevertheless, plaintiff's argument that the statute treats Chicago police officers differently from other Cook County police officers is misplaced and rests upon an incorrect interpretation of the statute.

The cardinal goal of statutory construction, to which all other goals are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature. 
In re Application for Judgment & Sale of Delinquent Properties for the Tax Year 1989
, 167 Ill. 2d 161, 168, 656 N.E.2d 1049, 1053 (1995).  If the language of the statute is plain and unambiguous, courts must give effect to it without considering additional indicia of legislative intent. 
First of America Bank of Rockford, N.A. v. Netsch
, 166 Ill. 2d 165, 181, 651 N.E.2d 1105, 1112 (1995).  Courts are not at liberty to depart from the plain language and meaning of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express. 
Klem v. First National Bank
, 275 Ill. App. 3d 64, 67, 655 N.E.2d 1211, 1213 (1995).  The plain language and meaning of the phrase "in municipalities with a population of 500,000 or less" is defining the location of a "complaint filed" and makes no mention of the residence of the plaintiff.  Nowhere does the amendment refer to "inhabitants" of municipalities, nor does it contain any language that refers to the location of the administrative agency or board that issued the decision.  Thus, the effect of the amendment is that complaints timely filed anywhere in Illinois, except Chicago, may be amended.  Therefore, contrary to plaintiff's interpretation, the amendment does not discriminate solely against Chicago police officers in favor of all others in the state.  The amendment instead discriminates against all police officers (and firefighters) who must file complaints in Chicago, namely, at the Richard J. Daley Center, and in favor of all other police officers (and firefighters) in the state.

Had the General Assembly wanted to prohibit only police officers and firefighters who "reside in" or who "are inhabitants of" Chicago from the benefits of the new amendment, the language of the amendment would have stated so.  Also, had the General Assembly intended that the population classification refer to actions to review decisions of police boards in those municipalities, the language of the amendment would have stated such similar to the language contained in section 3--107(b) of the Act.  Although our decision here does not address whether such a distinction would similarly be subject to constitutional attack, the General Assembly there clearly stated that the provision applied "[w]ith respect to actions to review 
decisions of a zoning board of appeals in a municipality
 with a population of 500,000 or more inhabitants." (Emphasis added.) 735 ILCS 5/3-107(b) (West 1994).

Not all classifications are prohibited by the special legislation clause; rather, the purpose of the constitutional provision is to prevent those classifications which are arbitrary and irrational. 
In re Petition of the Village of Vernon Hills
,
 168 Ill. 2d 117, 122, 658 N.E.2d 365, 367 (1995).  Thus, the pertinent inquiry for this court is whether any set of facts can be reasonably conceived which justify differentiating complaints of parties filed in Chicago from those complaints of parties filed elsewhere in the state.  Our review is deferential, and the plaintiff bears the burden of establishing the unreasonableness of the legislative action. 
Cutinello v. Whitley
, 161 Ill. 2d 409, 417-18, 641 N.E.2d 360, 363-64 (1994).  Because plaintiff put forth evidence to meet this burden based upon a misinterpretation of the statute (namely, that it excluded Chicago police officers but not other police officers who filed complaints in Cook County), some of his arguments in this regard are inapplicable.  Nevertheless, when a law is attacked as special legislation or as violative of equal protection, it is still the duty of the courts to decide whether the classification is unreasonable because it preferentially and arbitrarily includes a class (special legislation) to the exclusion of all others, or improperly denies a benefit to a class (equal protection). 
Illinois Polygraph Society v. Pellicano
, 83 Ill. 2d 130, 138, 414 N.E.2d 458, 563 (1980).  Our evaluation also considers the broad discretion of the legislature to create statutory classifications for the general welfare. 
Bilyk v. Chicago Transit Authority
, 125 Ill. 2d at 236, 531 N.E.2d at 3.

The defendant raises a variety of arguments which identify practical considerations that the defendant asserts may have prompted the General Assembly to carve out this exception.  Because we are required to uphold the statute if any set of facts can be reasonably conceived which justify distinguishing the class to which the law applies from the class to which the statute is inapplicable, we have considered the various suggestions offered by the defendant, but find them unpersuasive.  We specifically reject those submissions based upon the erroneous interpretation that the amendment's exclusion related to the plaintiff's residence as opposed to the location where the complaint was filed.  Even if the amendment prohibited only Chicago-based plaintiffs from amending timely filed complaints, we would particularly find meritless the defendant's argument that Chicago police officers and firefighters, partly because of the "higher level of employment benefits" they could "garner" and because of their strong union representation, are better represented by trained, specialized, and competent counsel, a benefit supposedly not available to their non-Chicago counterparts.  In fact, the majority of the defendant's arguments do not offer any rational basis why a class of plaintiffs would not be allowed to amend their timely filed complaints.  Instead, defendant points out reasons that would better support an argument that administrative review should not be allowed in the first place for this class of plaintiffs.  We recognize that in Illinois there is no absolute constitutional right to administrative review but, rather, the right to administrative review is a limited right. 
Collins Oil Co. v. Department of Revenue
, 119 Ill. App. 3d 808, 816, 457 N.E.2d 118, 123 (1983).  Courts in Illinois derive their power to review administrative actions from the state constitution, which provides that "Circuit Courts shall have such power to review administrative action as provided by law." Ill. Const. 1970, art. VI, §9.  Nevertheless, the intent of the legislature is to afford parties this right as evidenced by section 3--103 of the Act, whereby the legislature allows administrative review.  

The defendant raised one point that could have some validity under different circumstances but does not provide a sound basis for the special legislation at issue here.  The defendant speculates that the legislature could have been concerned about court crowding in Cook County.  It is appropriate to consider the congestion of court dockets as a factor of public concern, and the Annual Report of the Administrative Office of the Illinois Courts is a proper source of reference in assessing court congestion. See 
Washington v. Illinois Power Co.
, 144 Ill. 2d 395, 403, 581 N.E.2d 644, 647 (1991); 
Meyers v. Bridgeport Machines Division of Textron, Inc.
, 113 Ill. 2d 112, 122, 497 N.E.2d 745, 749 (1986).  This court has several times taken judicial notice of the fact that, according to the Annual Report of the Administrative Office of the Illinois Courts, the court dockets in Cook County were congested.  See, 
e.g.
, 
Blakey v. Gilbane Building Co.
, 264 Ill. App. 3d 626, 632, 637 N.E.2d 442, 447 (1994); 
Trent v. Caterpillar, Inc.
, 234 Ill. App. 3d 839, 846, 599 N.E.2d 1145, 1150 (1992); 
Walsh v. Ramada Inns, Inc.
, 194 Ill. App. 3d 945, 949-50, 551 N.E.2d 249, 252-53 (1989).  
Since we must presume that the legislature, at the time it enacted the amendment in question, surveyed the conditions existing in the population centers of this state (see 
People v. Palkes
, 52 Ill. 2d 472, 477, 288 N.E.2d 469, 472 (1972)); 
Lee v. Retirement Board of the Policemen's Annuity & Benefit Fund
, 22 Ill. App. 3d 600, 606, 317 N.E.2d 758, 762 (1974)), we also presume that the legislature would have been aware of this situation regarding court dockets.

We do not believe that the congested court dockets in Cook County constitute a rational basis for prohibiting plaintiffs from amending timely filed complaints.  Again, since the legislature has already allowed such complaints to be filed in the first instance, with no distinctions between those filed inside or outside Chicago, it is highly unlikely that a mere right to amend would be forbidden because of crowded court dockets.  Such amendments are routinely allowed as a matter of course in the majority of cases filed in Cook County pursuant to the Illinois Code of Civil Procedure. 735 ILCS 5/2--616 (West 1994).

The question we must address is whether the provision of the amended section 3--103 limiting its application to municipalities with a population of 500,000 or less is unconstitutional.  The supreme court in 
In re Belmont Fire Protection District
, 111 Ill. 2d 373, 380, 489 N.E.2d 1385, 1388 (1986) established that, in order for legislation to survive a challenge as unconstitutional special legislation, it must satisfy a so-called "two-prong test."  This label was later qualified by the supreme court 
when it emphasized that the "two-prong test" was not a distinct test in and of itself, but rather a description of how rational basis review is conducted by the courts. 
In re Petition of Village of Vernon Hills
, 168 Ill. 2d 117, 127, 658 N.E.2d 365, 369-70 (1995).  The two prongs are: (1) the classification (by population) must not be arbitrary but must have a reasonable basis, that is, it "must be based upon a rational difference of situation or condition found to exist in the persons or objects upon which the classification rests"; and (2) "the classification must also bear a rational and proper relation to the evil to be remedied and the purpose to be attained by the legislation." 
In re Belmont Fire Protection District
, 111 Ill. 2d 373, 380, 489 N.E.2d 1385, 1388 (1986).  

Application of this two-pronged analysis leads us to the conclusion that no rational difference of situation or condition exists between the complaints filed by plaintiffs in Chicago and the complaints filed by plaintiffs outside Chicago, since both are allowed to file complaints for administrative review in the first instance.  We can perceive no rational reason why a plaintiff who timely files a complaint in a municipality with a population greater than 500,000 can be said to differ from a plaintiff who timely files a complaint in a municipality with a population less than 500,000.  The purpose of the amendment was to allow those police officers and firefighters who had filed a timely complaint for administrative review an additional time period during which to amend such a complaint.  If a real need exists to eliminate the problem of complaints being dismissed for failure to name a necessary party, then the same need to remedy this evil exists for all plaintiffs, regardless of the level of the population of the municipality.  Because the amendment to section 3--103 denies plaintiffs who file complaints in Chicago and who have needs similar to those of plaintiffs in the rest of the state the privilege of amending their timely filed complaints, the population classification is an arbitrary distinction not founded upon any rational or substantial difference of situation or condition and therefore violates our constitution.

Even if we were to consider that the congested Cook County docket creates a rational difference between the two classes of plaintiffs, as to the second prong of the test, the population classification bears no rational relationship to the purpose of the amendment and the evil it seeks to remedy.  We see no connection between the population classification and the necessity of excluding only complaints filed in Chicago.  There is no basis on which to distinguish Chicago from any other municipality for purposes of section 3--103.  There is nothing that would justify the development of two divergent procedural standards for the review of administrative matters depending on whether the destination of the case is the circuit court located in Chicago or a court located outside Chicago.  We do not believe that the requirements should vary from courthouse to courthouse. 

We are mindful of the principles that the state may address a problem one step at a time (
Friedman & Rochester, Ltd. v. Walsh
, 67 Ill. 2d 413, 421-22, 367 N.E.2d 1325, 1328-29 (1977)) and also that the state may address itself first to what it decides is the most acute need (
Chicago National League Ball Club, Inc. v. Thompson
, 108 Ill. 2d 357, 371, 483 N.E.2d 1245, 1252 (1985)), but neither principle is a justification for prohibited special legislation.  Keeping these principles in mind, we conclude that the amendment to section 3--103 of the Act violates the constitutional proscription against special legislation and denies plaintiff equal protection under the law.  The population classification is an arbitrary distinction not founded upon any rational or substantial difference of situation or condition and therefore violates our constitution.   

The defendant additionally contends that, should this court conclude that the language in question is constitutionally invalid, then that decision necessitates the destruction of the entire statute.  We disagree.  "If what remains after the invalid portion is stricken is complete in itself and capable of being executed wholly independently of that which is rejected, the invalid portion does not render the entire section unconstitutional unless it can be said that the General Assembly would not have passed the statute with the invalid portion eliminated."  
People ex rel. Adamowski v. Wilson
, 20 Ill. 2d 568, 582, 170 N.E.2d 605, 613 (1960).  We see no reason why the legislature would not have passed the statute without the invalid classification.  The law recognizes no presumption that the General Assembly would not have enacted the statute in the absence of the unconstitutional provision. 
McDougall v. Lueder
, 389 Ill. 141, 155, 58 N.E.2d 899, 906 (1945).  Therefore, that portion of the statute which states "in municipalities with a population of 500,000 or less" is stricken as constitutionally invalid.

  Plaintiff also contends that the language of section 3--107(a) of the Act which requires that "all persons, other than the plaintiff, who were named by the administrative agency in its final order as parties of record to the proceedings before the administrative agency shall be made defendants" (735 ILCS 5/3-107(a)(West 1994)) is unconstitutionally vague, specifically the phrase "parties of record."

It is well established that due process requires that a statute must not be so vague that men of common intelligence must necessarily guess at its application or meaning. See, 
e.g.
, 
People v. Fabing
, 143 Ill. 2d 48, 570 N.E.2d 329 (1991).  Plaintiff asserts that it is unclear as to whether "parties of record" includes the superintendent, even though it was the superintendent who filed the original charges against plaintiff.

 We note that this issue was not addressed directly by the supreme court in 
Lockett
, but that plaintiff nevertheless could  have taken counsel from the 
decision, which made abundantly clear that the superintendent was a party of record in that case. 
Lockett
, 133 Ill. 2d 349, 549 N.E.2d 1266.  Statutory language that might otherwise be vague but that has been clarified or defined by judicial interpretations presents no constitutional problem after such clarification.  See, 
e.g.
, 
People v. Anderson
, 148 Ill. 2d 15, 29, 591 N.E.2d 461, 468 (1992); 
Easter Enterprises, Inc. v. Illinois Liquor Control Comm'n
, 114 Ill. App. 3d 855, 859-60, 449 N.E.2d 1013, 1017 (1983).  "When a statute has been judicially construed by the highest court having jurisdiction to pass on it, such a construction is as much a part of the statute as if plainly written into it originally ***." 
Ray Schools-Chicago-Inc. v. Cummins
, 12 Ill. 2d 376, 380, 146 N.E.2d 42, 45 (1957).  Nevertheless, having concluded that the challenged portion of amended section 3--103 of the Act violates the equal protection and special legislation provisions of the Illinois Constitution, we need not address this additional constitutional issue.  It is well settled that constitutional questions will not be decided unnecessarily. 
Haughton v. Haughton
, 76 Ill. 2d 439, 447-48, 394 N.E.2d 385, 389 (1979).

For the foregoing reasons, we conclude that the trial court erred in dismissing plaintiff's complaint and denying leave to amend.  We hold that the language "in municipalities with a population of 500,000 or less" of section 3--103 of the Act violates section 13 of article IV of the Illinois Constitution.  The judgment of the circuit court is reversed, and the cause is remanded to the circuit court to enter an order denying defendant's motion to dismiss and granting plaintiff leave to amend his complaint.

Reversed and remanded with directions.

TULLY, P.J., and CERDA, J., concur.