CHRISTOPHER J. BRAZAS, Plaintiff-Appellant, v. THE PROPERTY TAX APPEAL BOARD *et al.*, Defendants-Appellees.—WESLEY J. BRAZAS, JR., Plaintiff-Appellant, v. THE PROPERTY TAX APPEAL BOARD *et al.*, Defendants-Appellees.

Second District   Nos. 2—98—1434, 2—99—0702 cons.

No. 2—98—1434.
No. 2—99—0702.

Opinion filed December 29, 1999.—Rehearing denied February 7, 2000.

Christopher J. Brazas, of Hampshire, appellant *pro se*.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Patrick W. Carlson, Assistant Attorney General, of counsel), for appellee Property Tax Appeal Board.

David R. Akemann, State's Attorney, of St. Charles (Ronald D. O'Neal, Jr., Assistant State's Attorney, of counsel), for appellee Kane County Board of Review.

JUSTICE INGLIS delivered the opinion of the court:

The above-captioned appeals have been consolidated for decision. In appeal No. 2—98—1434 (97—MR—439), plaintiff, Christopher J. Brazas (Christopher), appeals from the circuit court's order granting the section 2—619 motion (735 ILCS 5/2—619 (West 1998)) of defendant, the Property Tax Appeal Board (PTAB or agency), to dismiss Christopher's verified petition for the judicial review of the PTAB's final administrative order regarding Christopher's property tax assessment. The PTAB's unverified motion to dismiss alleged that the ser-

vice of summons for administrative review was not effectuated upon the agency within 35 days of service of the final order in conformity with sections 3—103 and 3—105 of the Administrative Review Law (Review Law) (735 ILCS 5/3—103, 3—105 (West 1998).

Christopher contends that the trial court erred in dismissing the petition. Although the clerk's certificate was not in the court file, he claims there was evidence that the summons and complaint were served; furthermore, he asserts that the PTAB's written responses and its filing of the agency's record acknowledged the complaint and receipt of summons and amounted to a waiver of any (jurisdictional) defect in service. For the reasons that follow, we reverse the order dismissing the petition and remand the cause for further proceedings.

Similarly, in appeal No. 2—99—0702 (98—MR—0142), plaintiff, Wesley J. Brazas, Jr. (Wesley), appeals from the circuit court's order granting the PTAB's unverified motion to dismiss his petition for judicial review of the PTAB's final administrative order regarding the assessment of property taxes. The PTAB's motion in that case also alleged that the service of the summons and complaint was not effectuated in accordance with the provisions of the Review Law (735 ILCS 5/3—103, 3—105 (West 1998)). Wesley argues that the PTAB's actions and written responses in the record acknowledging the receipt of the summons and complaint constituted a general appearance and waived any defect or irregularities in the service; that the court had "jurisdiction" over defendants; and that it was error to dismiss the petition for review. Furthermore, Wesley argues for the first time in his appellate brief that Rule 137 sanctions are warranted against the Attorney General because of alleged misrepresentations or misleading conduct by that office. See 155 Ill. 2d R. 137. Because of the facts distinguishing this appeal from Christopher's appeal, we must deny any and all relief requested by Wesley and affirm the circuit court's order dismissing Wesley's petition for administrative review.

We note that Wesley has attempted to intertwine his arguments in his appellate brief with those of Christopher, presumably because the separate appeals were consolidated for decision. No motion to submit a combined appellate brief was made, and we have elected to treat each appeal and its designated appellant's respective arguments separately for purposes of our disposition.

### Appeal No. 2—98—1434

■ On December 18, 1997, Christopher filed a petition for the judicial review of the final administrative order of the PTAB whose decision reviewed a certain residential property tax assessment for 1996 and was entered on November 14, 1997. Plaintiff's petition was filed

within the 35-day time period for judicial review. Section 3—103 of the Review Law provides that an action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision was served upon the party affected by the decision. 735 ILCS 5/3—103 (West 1998).

The petition alleged that the PTAB erred in determining the fair market value of the residential property in Hampshire, Illinois, that Christopher described as an "incomplete" residence or a property improvement that was not "substantially completed" during the relevant tax period. The petition was signed by Christopher and notarized on December 18, 1997. Also filed was a notarized proof of service signed by Christopher and dated December 19, 1997. On that same page of the document is a circuit court clerk's file stamp, also dated December 18, 1997. The proof of service states, under oath, the last known addresses of the defendants for the clerk to serve them with the "Notice and Acknowledgment of Service of Docketing Statement." There are addresses listed for the PTAB, the Burlington Township assessor, and the Kane County Board of Review. Appended to the proof of service are receipts for certified mail addressed to each defendant; each receipt is stamped "Received December 19, 1997." On the other side of each receipt is the name and address of the clerk of the circuit court. Also appended are dated return receipts presumably signed by an agent from each addressee and returned to the clerk of the court whose address appears on the receipt.

On January 8, 1998, the PTAB filed a limited and special appearance through Fernhan Hamid, an assistant Attorney General. On February 23, 1998, a letter addressed to the clerk of the circuit court on the letterhead of Max E. Coffey, chairman of the PTAB, was filed. It states that the transcripts of the proceedings had before the PTAB in the matter that is being judicially reviewed are enclosed for filing as the agency's answer to the complaint. The agency's record is appended and file stamped.

At the end of the agency's record is the certification of B. Joyce Planck, assistant to the legal counsel for the PTAB. The certification, dated February 19, 1998, and signed by Planck, states that she is certifying that the record is true, correct, and complete, and that it is "now filed in obedience and as a return to the Summons issued out of the Circuit Court of Kane County, Illinois, in the above-styled cause, as the Property Tax Appeal Board's Answer to the Complaint for review."

On March 23, 1998, Christopher filed a brief arguing the merits of his case. On April 1, 1998, the PTAB filed a motion to set the briefing

schedule in the matter and set a hearing date. On April 21, the trial court ordered the PTAB to file its response brief within 30 days, ordered plaintiff to file any reply within 30 days of the response, and set the matter for hearing on June 29, 1998.

■ On May 15, the PTAB, through the Attorney General's office, filed its unverified motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Code) (735 ILCS 5/2—619 (West 1998)). No supporting affidavit was filed. In its motion, the PTAB argued that Christopher had failed to serve the summons as required by section 3—105 of the Review Law. That section provides in pertinent part:

> "Service on the administrative agency shall be made by the clerk of the court by sending a copy of the summons *** to the agency at its main office in the State. *** The plaintiff shall, by affidavit filed with the complaint, designate the last known address of each defendant upon whom service shall be made. The certificate of the clerk of the court that he or she has served such summons in pursuance of this Section shall be evidence that he or she has done so." 735 ILCS 5/3—105 (West 1998).

In his response and objections to the PTAB's motion to dismiss, Christopher disputed that a summons was not properly served and argued essentially that, by its conduct, the PTAB had made a general appearance, had submitted to the jurisdiction of the court, and had waived any defect or irregularities in service. Along with a copy of the certification by Planck, Christopher also appended as a supporting exhibit a letter dated January 5, 1998, addressed to him and appearing to have been issued by James W. Chipman, the executive director of the PTAB. The letter began by noting, "Recently, you filed a Complaint and Summons in the circuit court for an administrative review ***." The letter contained other information regarding the preparation of the record.

On June 30, 1998, the trial court entered an order in which it found that the petition had been filed within the 35-day period and that the court had jurisdiction. After noting that it appeared (as fact) that the PTAB acknowledged that a complaint and summons were filed and that Planck certified the receipt of summons, the court came to certain conclusions, namely:

> "6) Accordingly it appears summons was served and by implication was issued.
>
> 7) The court file contains evidence that something was mailed by the clerk to the defendants, including the Board, on December 19, 1997.
>
> 8) However, there is no certificate filed by the clerk showing that it was summons that was served."

The court then continued the matter for a hearing during which evi-

dence could be presented on the issue of whether the clerk issued a summons.

At the hearing on PTAB's motion, after pointing out the court's findings of June 30, 1998, Christopher argued in opposition to the motion that PTAB had failed to produce any evidence regarding the service of summons. He argued that the absence of the clerk's certificate did not mean that the summons or the certificate did not exist but that it may simply be missing. The PTAB's counsel, Hamid, argued that, if there was a letter stating that a summons and complaint were received, it was a form letter and it was a mistake that did not bind the agency. Hamid argued that it was the plaintiff's burden to prove that the summons was issued.

The court suggested that an error might have been committed by the agency and explained that, were this proceeding not in the area of administrative review, the court would have the discretion to allow Christopher "the benefit of the doubt and say the summons probably was served." It appears that the court believed that plaintiff had the burden of proof. The court stated, "I was hoping that somebody—and the burden is on you since you're the moving party—would have presented something from the clerk's office about it." The court concluded that it could not determine that the summons was properly served, and it dismissed the petition with prejudice. This timely appeal followed the denial of Christopher's motion to reconsider.

Christopher argues that the court erred in holding that it lacked jurisdiction because the clerk's certificate of service was not in the court file and he contends that there was proper service. He claims the trial court erred in interpreting the statutory provisions regarding service of summons where its decision rested on the lack of a certificate in the file. Christopher further contends that the PTAB's conduct amounted to a general appearance and submission to the court's jurisdiction and that the PTAB waived any irregularity in the service of summons.

■ Because we are not satisfied with Christopher's statement of the law, we will review the rules concerning the service of summons that are applicable to this case. Although the requirement that a complaint for administrative review be filed within the 35-day limit is jurisdictional, the 35-day period for the issuance of summons by the clerk of the court is mandatory but not jurisdictional. The failure to comply with the requirement will not deprive the court of jurisdiction, but the procedures for review must be strictly followed nevertheless. *Lockett v. Chicago Police Board*, 133 Ill. 2d 349 (1990); *Hanke v. Department of Professional Regulation*, 296 Ill. App. 3d 825, 828 (1998).

■ While not depriving the court of jurisdiction, the failure to comply with the mandatory requirement that summons be issued within the 35-day time frame requires the dismissal of the action unless the exception for good-faith compliance with the statute applies. *Gilty v. Village of Oak Park Board of Fire & Police Commissioners*, 218 Ill. App. 3d 1078, 1085 (1991); see *Lockett*, 133 Ill. 2d at 355. For example, in *Lockett*, our supreme court allowed that the 35-day requirement may be relaxed where the petitioner has made a good-faith effort to have the summons issued by the clerk of the court within the statutory period but, due to *circumstances beyond the petitioner's control*, the summons was not issued. The supreme court has more recently concluded, however, that a litigant's mere assumption, without more, that the circuit clerk would issue the summons is insufficient to constitute a good-faith effort to comply. *Carver v. Nall*, 186 Ill. 2d 554, 559-61 (1999).

Christopher also misses the mark when he argues that the PTAB's special appearance was converted into a general appearance and, by submitting to the jurisdiction of the court, the PTAB waived all defects in service. In *Lacny v. Police Board*, 291 Ill. App. 3d 397 (1997), the plaintiff made a similar argument. He argued that the failure to name the police superintendent as a necessary party-defendant in the complaint was not a jurisdictional defect and was waivable because the superintendent voluntarily appeared and filed a *motion to dismiss*. The reviewing court first noted that the statutory requirements are generally not waivable. The court then explained that, since the superintendent did not file a response on the merits but instead filed a motion to dismiss based on the plaintiff's failure to comply with the mandatory, nonjurisdictional statutory requirements, the superintendent was not required to file a special and limited appearance, and he could raise the issue in a motion to dismiss at any time before responding to the merits of the complaint.

The *Lacny* court concluded that the superintendent's appearance was irrelevant because, although all named defendants wishing to appear may do so by filing a written appearance within the time fixed by the rules, the only answer that is required in an administrative review proceeding is the administrative agency's record. *Lacny*, 291 Ill. App. 3d at 402. The plaintiff's failure to follow a statutory requirement in that case was not deemed waivable.

In *Johnson v. Department of Public Aid*, 251 Ill. App. 3d 604 (1993), the plaintiff filed a timely complaint for administrative review, but the plaintiff failed to have summonses issued on the defendants until 177 days after the statutory deadline. The reviewing court noted that the procedure for the service of summons is mandatory and, in

order to avoid dismissal in that case, the plaintiff had to demonstrate a good-faith effort to issue summonses within the 35-day period. The reviewing court determined that the plaintiff did not make a good-faith effort to issue summons according to the statutory provisions when he himself served copies of the complaint on the defendants by certified mail rather than by having them issued by the clerk of the circuit court within the statutory period. See 735 ILCS 5/3—105 (West 1998). The court concluded that the plaintiff should not be allowed to create his own service procedure.

The plaintiff also argued in the *Johnson* case that the defendants waived their objection to jurisdiction by filing a motion to dismiss and making a general appearance in the matter. As in *Lacny*, the *Johnson* court rejected this argument. The court noted that the plaintiff's defense was not jurisdictional and that the defendants were not required to file a special and limited appearance and could raise the issue in a motion to dismiss at any time before responding to the merits of the complaint. *Johnson*, 251 Ill. App. 3d at 606.

■ Having established that the issuance of summons by the clerk of the circuit court within the 35-day period is both mandatory and nonwaivable in this case, we next consider whether it was error under the circumstances in this case for the court to dismiss the petition because of the alleged failure to issue the summons in the manner prescribed by statute. The PTAB was the movant in this case and sought to dismiss the petition pursuant to section 2—619(a) of the Code. That provision permits the dismissal of an action where, among other things, "the action was not commenced within the time limited by law" (735 ILCS 5/2—619(a)(5) (West 1998)) and where "the claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim" (735 ILCS 5/2—619(a)(9) (West 1998)). See *Carver*, 186 Ill. 2d 554.

■ Affirmative matter "encompasses any defense other than a negation of the essential allegations of the plaintiff's cause of action." *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 115 (1993). If the affirmative matter asserted is not apparent on the face of the pleading attacked, the motion must be supported by affidavit, and by providing such affidavit, the defendant satisfies its initial burden of going forward. The burden then shifts to the plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proved, and the plaintiff may do so by affidavit or other proof. *Kedzie*, 156 Ill. 2d at 116; 735 ILCS 5/2—619(a), (c) (West 1998).

■ When ruling on a motion to dismiss, the trial court must interpret all pleadings and supporting documents in the light most

favorable to the nonmoving party, and on appeal, review is ordinarily *de novo*. See *Carver*, 186 Ill. 2d at 557. The primary purpose of a section 2—619 motion to dismiss is to provide a means to dispose of issues of law or easily proved issues of fact. However, if it cannot be determined with reasonable certainty that the alleged defense exists, the motion should be denied. *A.F.P. Enterprises, Inc. v. Crescent Pork, Inc.*, 243 Ill. App. 3d 905, 912-13 (1993). Section 2—619 states:

> "If a material and genuine disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties, or may deny the motion without prejudice to the right to raise the subject matter of the motion by answer and shall so deny it if the action is one in which a party is entitled to a trial by jury and a jury demand has been filed by the *opposite party* in apt time." 735 ILCS 5/2—619(c) (West 1998).

If the affidavits present disputed facts, the parties must be afforded the opportunity to have an evidentiary hearing. *A.F.P.*, 243 Ill. App. 3d at 913.

■ Here, because the failure to issue service of summons is not apparent from the face of the pleadings, the PTAB as the movant had the initial burden of showing that summons was not issued. See *Kocourek v. Bowling*, 96 Ill. App. 3d 310, 311 (1981); see also *Kemp-Golden v. Department of Children & Family Services*, 281 Ill. App. 3d 869, 879 (1996); *Saunders v. Department of Public Aid*, 198 Ill. App. 3d 1076, 1079 (1990). The PTAB failed to verify its motion and failed to supply any supporting affidavit. See *Papers Unlimited v. Park*, 253 Ill. App. 3d 150, 154 (1993) (motion to dismiss was not supported by affidavit or verified; record contained no reliable evidence to support claim that action was barred).

There was some evidence in this record from which it might be inferred that the summons was issued and received. However, the evidentiary record is insufficient to make a conclusive determination. Because resort to extrinsic facts formed the basis of the PTAB's motion and no affidavit was submitted, the motion was legally insufficient, and the trial court should not have acquiesced in this improper motion practice. *Becker v. Zellner*, 292 Ill. App. 3d 116, 124 (1997). Without more, the arguments of the PTAB were insufficient for the court to grant the motion to dismiss.

■ Furthermore, we do not find that the dismissal is warranted merely because the clerk's certificate that summons was issued is absent from the file. The statute states that the "certificate of the clerk of the court that he or she has served such summons in pursuance of this Section shall be evidence that he or she has done so." 735 ILCS 5/3—105 (West 1998)). However, we cannot construe this provi-

sion to mean that the certificate is the exclusive means whereby proper service of summons can be shown; the statute does not expressly place such a limitation on the evidence that can be presented. In construing statutes, courts presume that the legislature did not intend absurdity, inconvenience, or injustice. *Baker v. Miller*, 159 Ill. 2d 249, 262 (1994). When two constructions of a statute are possible, one of which is absurd and illogical and the other reasonable and sensible, the absurd result is to be avoided. *People v. Stanciel*, 153 Ill. 2d 218, 233-34(1992). To accept the view that the certificate is the exclusive proof of service would mean that, in the event the clerk's office mistakenly failed to file the certificate or lost it even though summons was actually issued, a plaintiff would be automatically foreclosed from seeking review. We find this interpretation unreasonable and unjust. Litigants should be permitted to offer any competent evidence regarding service of summons, where as here, there are appropriate circumstances warranting the presentation of such evidence.

In view of the foregoing, we must reverse the order of the circuit court dismissing Christopher's petition, and we remand the cause for further proceedings.

## Appeal No. 2—99—0702

█ Wesley raises arguments similar to those of Christopher. First, we consider whether the trial court properly dismissed Wesley's petition for failing to adhere to the statutory provisions regarding service of the summons. As we have explained, service of summons must be made upon the agency by the clerk of the court. 735 ILCS 5/3—105 (West 1998). In Wesley's case, there is no proof in the file whatsoever of a mailing or receipt by the clerk of the court showing that anything was mailed by the clerk. In answering the PTAB's motion to dismiss, Wesley admitted in his notarized response to the PTAB's allegations in its paragraph No. 5 that he failed to issue the summons to the PTAB. In paragraph No. 5, the PTAB stated that it "did not receive a summons by either registered or certified mail served upon its Springfield office as is required by the Administrative Review Law." In paragraph No. 10 of Wesley's responsive pleading, he "admits the allegations of Paragraph 5 of PTAB's Motion as to Petitioner not issuing a summons. Petitioner relied on PTAB's representation of Exhibit D that summons had been served."

Additionally, paragraph No. 3 of Wesley's response shows that he himself served his petition by certified mail on April 6, 1998, upon all defendants as "evidenced" by the postal receipts attached as exhibits to his response. He also acknowledged that summons is to be served by the clerk of the court.

Taken in context, Wesley's responses indicate that he merely assumed that the clerk would issue the summons and that he was relying only on the actions of the PTAB in filing the record to show that service was effectuated. He believes that the PTAB's appearance and response waived any defects in service. Wesley must be deemed to have admitted in his pleading that he did not have summons served according to the Review Law (see *Dremco, Inc. v. Hartz Construction Co.*, 261 Ill. App. 3d 531, 536 (1994) (discussing admissions in pleadings); that he merely assumed that summons had issued; and that he took no affirmative step to insure that summons would be issued by the clerk. See 735 ILCS 5/2—610(a), (b) (West 1998) (every answer and subsequent pleading shall contain an explicit admission or denial; with certain exceptions, every allegation not explicitly denied is admitted); *First National Bank v. Sousanes*, 96 Ill. App. 3d 1047, 1056 (1981) (once a statement of fact has been admitted in pleadings, it is binding on the party making it, and it makes it unnecessary for the opposing party to introduce evidence thereof because it has the effect of withdrawing the fact from issue).

Because Wesley relies merely on the PTAB's filing of its record and letters to show service of summons, we have concluded, in this administrative review case, that the PTAB's actions did not constitute the kind of general appearance that would waive the mandatory statutory requirements for service. Wesley's apparent failure to follow the procedure strictly requires the dismissal of the action unless the exception for good-faith compliance with the statute applies. See *Gilty v. Village of Oak Park Board of Fire & Police Commissioners*, 218 Ill. App. 3d 1078, 1085 (1991). However, as we have pointed out, a litigant's mere assumption, without more, that the circuit clerk will issue the summons is insufficient to constitute a good-faith effort to comply. *Carver v. Nall*, 186 Ill. 2d 554, 559-61 (1999).

In Wesley's court file, there is no evidence of service whatsoever by the clerk of the court. This, together with Wesley's pleadings, admissions, and arguments in response to the motion to dismiss, requires the conclusion that the statutory procedure was not followed, and the trial court properly dismissed the petition for administrative review. Moreover, Wesley does not argue that he has made a good-faith effort to effectuate proper service of summons.

■ Finally, Wesley argues that Rule 137 sanctions are warranted against the Attorney General. Wesley has not shown that a proper request for sanctions was ever made in the trial court. The issue is therefore deemed waived on appeal. See *Kellett v. Roberts*, 276 Ill. App. 3d 164, 174 (1995).

For the reasons stated, the judgment in appeal No. 2—98—1434 is

reversed, and the cause is remanded for further proceedings not inconsistent with our decision herein. The judgment in appeal No. 2—99—0702 is affirmed.

No. 2—98—1434, Reversed and remanded.
No. 2—99—0702, Affirmed.

HUTCHINSON and RAPP, JJ., concur.