SECOND DIVISION

 December 9, 2003

No. 1-02-1734

MICHAEL GUNTHER, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

) 

v. ) 

) 

STATE OF ILLINOIS CIVIL SERVICE )

COMMISSION, and its Members, GEORGE ) 

E. RICHARDS, Chairman, JOHN M. DORGAN, )

RAYMOND E. EWELL, DAN P. FABRIZIO, )

Individually, and the ILLINOIS )

DEPARTMENT OF TRANSPORTATION, ) Honorable

) Donald J. O'Brien,

Defendants-Appellees. ) Judge Presiding.

PRESIDING JUSTICE WOLFSON delivered the opinion of the court:

Plaintiff Michael Gunther appeals from an order of the trial court dismissing his complaint pursuant to section 2-619(a)(9) of the Illinois Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2002)), for failing to serve summons on defendant Illinois Department of Transportation (IDOT).  

IDOT filed a petition to discharge Gunther from his position as a highway maintainer.  On September 27, 2001, following a hearing, the administrative law judge (ALJ) issued a written opinion recommending that Gunther's discharge be rescinded and Gunther be restored to his employment.  On October 11, 2001, defendant Illinois Civil Service Commission (Commission) declined to adopt the ALJ's recommendation and upheld Gunther's discharge.

On November 15, 2001, Gunther filed a complaint for administrative review in the Circuit Court of Cook County.  In the attached summons, he listed the defendants, including IDOT, in the caption.  To the right of the caption, he noted, "Please Serve Defendants at: See Attached Service List Below."  The "Certificate of Mailing" section at the bottom of the summons form listed the names and addresses of the Illinois Attorney General, the Commission, and the four individual members of the Commission.  Neither IDOT nor IDOT's address was listed.  Gunther did not file an affidavit designating the addresses of defendants.  The clerk served summonses on the parties listed in the certificate of mailing.  IDOT was never served with summons. 

On December 18, 2001, IDOT filed an appearance and a motion to dismiss Gunther's complaint pursuant to section 2-619(a)(9), contending summons was not issued within the requisite time period.  On April 15, 2002, the trial court granted IDOT's motion and dismissed Gunther's complaint with prejudice.  The court denied Gunther's motion for reconsideration.

DECISION

Section 3-102 of the Administrative Review Law (the Act) provides a party shall be barred from obtaining judicial review of an administrative decision unless review is sought within the time and in the manner provided.  735 ILCS 5/3-102 (West 2002).  Section 3-105 provides that summons must be issued on the administrative agency and on each of the other defendants.  735 ILCS 5/3-105 (West 2002).  

Under section 3-103 of the Act, an affected party must file a complaint and issue summons within 35 days from the date that a copy of the final administrative decision was served on the party.  735 ILCS 5/3-103 (West 2002).

The 35-day period for issuance of summons by the clerk of the court is mandatory, not jurisdictional.  
Burns v. Department of Employment Security
, 342 Ill. App. 3d 780, 786-87, 795 N.E.2d 972 (2003). 
 Nevertheless, the procedures for review must be strictly followed, because the Act is a departure from common law.  
Lockett v. Chicago Police Board
, 133 Ill. 2d 349, 353, 549 N.E.2d 1266 (1990).  Absent a good faith effort on the part of the plaintiff to name and serve a necessary party as required by the Administrative Review Act, dismissal of the complaint for review is required.  
Lockett
, 133 Ill. 2d at 355; 
Carver v. Nall
, 186 Ill. 2d 554, 559-60, 714 N.E.2d 486 (1999).  We review 
de
 
novo
 a dismissal of a complaint pursuant to section 2-619.  
Carver
, 186 Ill. 2d at 557. 

A review of the record shows that Gunther did not strictly adhere to the procedures set forth in the Act.  Gunther correctly named all the necessary defendants in his complaint and filed the complaint within the 35-day period.  However, Gunther did not cause summons to issue against each defendant within the 35-day period.  His request for summons did not list IDOT or IDOT's address in the list of defendants to receive summons.  Summons never issued against IDOT, a necessary party.  Gunther's failure to follow the requirements of the Act requires dismissal of his action.  735 ILCS 5/3-102 (West 2002).  See 
Hanke v. Department of Professional Regulation
, 296 Ill. App. 3d 825, 828, 696 N.E.2d 12 (1998).  

Gunther contends his failure to list IDOT in the certificate of mailing section of the summons form was 
de
 
minimus
, and he was in substantial compliance with the procedures in the Act.  He also contends service on the Illinois Attorney General, as counsel for IDOT, was sufficient to notify IDOT of the complaint. 

Gunther relies on 
Old Ben Coal Company v. Industrial Commission
, 217 Ill. App. 3d 70, 576 N.E.2d 890 (1991).  In 
Old Ben Coal
, the employer, Old Ben Coal Company, appealed the decision of the Illinois Industrial Commission that the claimant, Clifford Frye, was permanently and totally disabled.  
Old Ben Coal
, 217 Ill. App. 3d at 72.  In the request for service of summons, Frye was not listed as a party in interest, his last known address was not listed, and the clerk of the court did not issue a summons directed to Frye.  Service of summons was directed to Frye's attorneys of record, whose addresses were listed in the request for summons.  The court held the employer provided sufficient information for the clerk to properly notify claimant and his attorneys of the pending appeal.  
Old Ben Coal
, 217 Ill. App. 3d at 76.  

This case cannot be compared to 
Old Ben Coal
.  In that case, the relevant statute, section 19(f)(1) of the Workers' Occupational Diseases Act, provided, in part: "[t]he clerk of the court [shall issue summons] by mailing a copy of the summons to the office of the Commission, and a copy of the summons to the other parties in interest 
or their attorney or attorneys of record
***."  (Emphasis added.)  820 ILCS 305/19(f)(1) (West 1996).    

In this case, Gunther was required to have summons issued to IDOT, the administrative agency.  735 ILCS 5/3-105 (West 2002).  Service on the attorney for the agency does not suffice.  
Gunther does not contend the good faith exception applies to this case.  However, even if we were to consider it, Gunther has not offered, nor does the record disclose, any evidence demonstrating a good faith effort to serve IDOT. 

CONCLUSION

We affirm the trial court's order dismissing Gunther's complaint for administrative review.

 CAHILL, and BURKE, JJ., concur.