2015 IL App (1st) 143324

THIRD DIVISION
September 30, 2015

No. 1-14-3324

| | | |
|---|---|---|
| PALOS BANK AND TRUST COMPANY, as Trustee Under Trust No. 1-5530, | ) ) ) | Appeal from the Circuit Court of Cook County, Illinois. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) ) | Consolidated 2013 COPT 09 with 2013 COPT 07 and |
| ILLINOIS PROPERTY TAX APPEAL BOARD and THE COOK COUNTY BOARD OF REVIEW, | ) ) ) | 2013 COPT 08 Honorable |
| Defendants-Appellees. | ) ) ) | Maureen Ward Kirby, Judge Presiding. |

PRESIDING JUSTICE MASON delivered the judgment of the court, with opinion.
Justices Lavin and Pucinski concurred in the judgment and opinion.

## OPINION

¶ 1        Plaintiff Palos Bank filed three administrative appeals to the Property Tax Appeal Board (PTAB) challenging the tax assessment of its property by the Cook County Board of Review (Board). The PTAB denied relief in all three cases. Palos then filed three separate complaints in the circuit court seeking administrative review pursuant to the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2012) (Act)). Following consolidation of the actions, the circuit court dismissed the appeal due to Palos' failure to effect service upon the Board as required by the Act. Palos appeals, arguing that (1) its good-faith effort to effect proper service should preclude dismissal, and (2) the Board waived any objection to jurisdiction by appearing and seeking affirmative relief from the circuit court. Because the requirements of the Act must be strictly adhered to and cannot be waived, we affirm the dismissal of Palos' complaints.

¶ 2                                        BACKGROUND

¶ 3        Palos filed three administrative appeals to the PTAB contending that its property, an industrial complex, was incorrectly assessed for the tax years 2008, 2009, and 2010. In three separate decisions all issued on August 23, 2013, the PTAB found that no change in the Board's assessment of the property was warranted. Each of the decisions identified the parties of record as Palos and the Board.

¶ 4        Thirty-four days later, on September 26, 2013, Palos filed three separate complaints in the circuit court seeking judicial review of the PTAB's administrative decisions. The complaint involving tax year 2008 was docketed as No. 2013 COPT 07 (07 case), the complaint involving tax year 2009 was docketed as No. 2013 COPT 08 (08 case), and the complaint involving tax year 2010 was docketed as No. 2013 COPT 09 (09 case). In all three complaints, Palos named the PTAB and the Board as defendants and explicitly noted that the Board was the party "of record" to the PTAB proceedings.

¶ 5        On the same day, Palos filed a "Summons in Administrative Review" form for each complaint. In the caption at the top of each form, Palos listed the defendants to the action as the PTAB and the Board. But the "Certificate of Mailing" section of each form indicated that a copy of the summons was sent to the PTAB and Anita Alvarez, the Cook County State's Attorney.[1] The record also contains a printout of the circuit court's online docket showing that certified mail was issued to the PTAB and the State's Attorney on September 26, 2013.

¶ 6        The PTAB filed an appearance in all three cases. The Board filed an appearance in the 09 case but not in the other two cases. The Board then filed a motion to dismiss the 09 complaint pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West

_____

[1] At oral argument before the trial court, counsel for the PTAB asserted without objection that the State's Attorney was not a party to the PTAB proceedings and did not represent the Board in those proceedings.

2012)) because summons had been served on the State's attorney rather than the Board and because Palos failed to file an affidavit designating the last known address of each defendant, as required by the Act. The PTAB adopted the Board's motion to dismiss the 09 case and also filed section 2-619 motions to dismiss the 07 and 08 cases.

¶ 7          Before the motions to dismiss were resolved, the three cases were consolidated. A month later, the circuit court held a hearing on the combined motions to dismiss. The Board's counsel stated for the record that she was appearing only in the 09 case. She made no argument before the court but rested upon the brief that she had previously submitted in support of her motion to dismiss.

¶ 8          After hearing arguments from Palos and the PTAB, the circuit court dismissed the action, finding that Palos had not strictly complied with the Act and that Palos' lack of compliance mandated dismissal.

¶ 9                                              ANALYSIS

¶ 10          Palos contends that the circuit court erred in dismissing its action for administrative review. We review a section 2-619 dismissal *de novo*. *Barber v. American Airlines, Inc.*, 241 Ill. 2d 450, 455 (2011).

¶ 11          It is apparent from the record that Palos did not strictly comply with the service requirements of the Act.[2] Section 3-103 provides that "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint *and the issuance of summons* within 35 days from the date that a copy of the decision sought to be reviewed was

_____

[2] Palos argues that defendants did not provide any affidavits or other proof of Palos' failure to effect proper service. But the circuit court was entitled to take judicial notice of its own files and records. *Maddux v. Blagojevich*, 233 Ill. 2d 508, 532 n.18 (2009); *Cushing v. Greyhound Lines, Inc.*, 2012 IL App (1st) 100768, ¶ 5. In any event, we may affirm a section 2-619 dismissal on any basis present in the record (*Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 261 (2004)), and the record clearly establishes Palos' noncompliance.

served upon the party affected by the decision." (Emphasis added.) 735 ILCS 5/3-103 (West 2012). Because the Board was a party to the administrative hearing, Palos was required to both name the Board as a defendant and serve it with summons. 735 ILCS 5/3-107 (West 2012). Although Palos did name the Board, it erroneously served the State's Attorney, who was not a party to the proceedings before the PTAB and did not represent the Board in those proceedings. Additionally, section 3-105 of the Act requires that a plaintiff file with the circuit court an affidavit that designates "the last known address of each defendant upon whom service shall be made." 735 ILCS 5/3-105 (West 2012). The record contains no such affidavit from Palos.

¶ 12   Defendants argue that Palos' failure to comply with the requirements of the Act warranted dismissal of the complaints for administrative review. Because the Act is a departure from the common law, the procedures it establishes must be strictly complied with. *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 179 (2007). Indeed, the need for strict compliance is explicitly set forth in the statute: "Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." 735 ILCS 5/3-102 (West 2012). This court has held that the Act's provisions regarding joinder of necessary parties and service of summons upon those parties are "mandatory, interlocking and nonwaivable." *Gilty v. Village of Oak Park Board of Fire & Police Commissioners*, 218 Ill. App. 3d 1078, 1083 (1991).

¶ 13   Palos nevertheless contends that the circuit court erred in dismissing its action for two reasons: first, since Palos substantially complied with the requirements of the Act, the good-faith exception should excuse its errors in service; and second, the Board waived the issue of personal

jurisdiction by seeking affirmative relief from the circuit court and by voluntarily appearing in the consolidated case. We consider these arguments in turn.

¶ 14                        Substantial Compliance and the Good-Faith Exception

¶ 15         Palos first argues that its failure to serve the Board, which it characterizes as a minor technical defect, does not warrant dismissal because Palos made a good-faith effort to comply with the statute and substantially complied with its requirements. We disagree because, as discussed above, the Act does not merely require substantial compliance; it requires strict compliance.

¶ 16         On this point, *Gunther v. Illinois Civil Service Comm'n*, 344 Ill. App. 3d 912 (2003), is instructive. The *Gunther* plaintiff filed a timely complaint for administrative review in the circuit court, naming all necessary parties, including the Illinois Department of Transportation (IDOT). In the attached summons, he named IDOT as a party, but he did not list IDOT's name or address under the " 'Certificate of Mailing' " section at the bottom. *Id.* at 913. Instead, he listed the name and address of IDOT's counsel, the Attorney General. IDOT was never served with summons. *Id.* The *Gunther* court held that plaintiff's failure to strictly adhere to the requirements of the Act required dismissal of the action. *Id.* at 914. The court rejected plaintiff's argument that dismissal was not warranted because he was in substantial compliance with the statute and his error was *de minimis*. *Id.* at 914-15. Likewise, Palos' partial compliance with the statute, which is nearly identical to the *Gunther* plaintiff's "substantial compliance," does not preclude dismissal of its suit.

¶ 17         Courts have recognized a narrow good-faith exception in cases where a plaintiff made a good-faith effort to comply with the Act but failed to do so because of errors committed in the clerk's office or other factors beyond the plaintiff's control. *Burns v. Department of Employment*

*Security*, 342 Ill. App. 3d 780, 792 (2003). But Palos has not identified any factors beyond its control that prevented it from serving the Board in a timely fashion. Mere "substantial compliance" is not enough to trigger the good-faith exception. *Gunther*, 344 Ill. App. 3d at 915.

¶ 18       The cases cited by Palos in which the good-faith exception was applied are distinguishable. In *Azim v. Department of Central Management Services*, 164 Ill. App. 3d 298, 303 (1987), plaintiffs' failure to issue summons within the statutory 35-day period did not mandate dismissal where "[t]he delay in the issuance of summonses was caused solely by errors committed by personnel in the clerk's office." The *Azim* court explained that "the errors of ministerial officers whom the plaintiffs cannot control should not serve to deprive them of their right to appeal." *Id.* Similarly, the *Burns* court excused a plaintiff's failure to strictly comply with the statutory service requirements where her error was a clerical one beyond her control. *Burns*, 342 Ill. App. 3d at 794 (attendant at *pro se* desk in clerk's office listed incorrect address on summons; that address was for the agent that represented the defendant in the administrative proceeding, and defendant never informed the other parties that it had terminated its relationship with that agent); see also *City National Bank & Trust Co. v. Illinois Property Tax Appeal Board*, 108 Ill. App. 3d 979 (1982) (good-faith exception applied where plaintiff filed complaint on the last day for filing and requested that summons issue on that same day, but circuit clerk did not issue summons until the following Monday). By contrast, Palos does not allege that any error on the part of the clerk's office prevented it from properly serving the Board.

¶ 19       Finally, in *Worthen v. Village of Roxana*, 253 Ill. App. 3d 378 (1993), plaintiffs failed to name the Pollution Control Board (PCB), a necessary party, in their complaint for administrative review, but they properly served the PCB with a copy of the complaint. Additionally, when plaintiffs were advised of their error, they immediately moved to amend their complaint to add

the PCB to the caption. *Id.* at 380. Under those circumstances, the *Worthen* court held that plaintiffs' timely service of summons demonstrated a good-faith effort to comply with the Act. *Id.* at 382. In this case, Palos never actually served the Board with summons, and there is no indication in the record that Palos took any affirmative steps to correct its errors in service. In the absence of any such indicia of good faith, Palos' partial compliance in naming the Board as a party is insufficient to satisfy the strict requirements of the Act where Palos took no steps to serve the Board.

¶ 20                                                                    Waiver

¶ 21          Palos' second argument is that the Board waived any objections to personal jurisdiction by seeking substantive relief from the circuit court and by voluntarily appearing in the consolidated case. Defendants argue that the requirements of the Act cannot be waived, and, in any event, the Board never sought substantive relief from the circuit court. We agree with defendants on both counts.

¶ 22          Initially, Palos mischaracterizes the record when it asserts that the Board sought substantive relief from the circuit court. The record reflects that Palos' three complaints were originally assigned to different judges: the 07 case was before Judge Susan Fox Gillis, the 08 case was before Judge Edmund Ponce de Leon, and the 09 case was before Judge Maureen Ward Kirby. The PTAB appeared in all three cases and filed a motion to consolidate the cases, which Palos opposed. The Board appeared only in the 09 case. It did not join in the PTAB's consolidation motion or file any response.

¶ 23          On April 24, 2014, Judge James Zafiratos, sitting for Judge Ponce de Leon, granted the PTAB's consolidation motion. On that same day, Judge Zafiratos also entered an order stating that "[d]efendants" were given leave to file a motion for clarification. The PTAB then filed a

motion requesting that the court clarify which judge the consolidated case would be assigned to. As before, the Board did not join in the PTAB's motion, file its own motion, or file any response.

¶ 24      On May 15, 2014, a hearing on the PTAB's motion was held before Judge Ponce de Leon. The PTAB and Palos were present in court. The State's Attorney was also present but stated for the record that she did not file an appearance in the 07 case and was not counsel of record for the Board in that case. Counsel for the PTAB suggested that the consolidated case be assigned to Judge Ward Kirby because she had likely already read defendants' motions to dismiss. The court asked the State's Attorney for her opinion. The State's Attorney replied, "[M]y position is that the Cook County Board of Review is only a party in Case 09 before Judge Ward Kirby." She did not express any preference as to whom the consolidated case should be assigned. The court then entered an order transferring the consolidated case to Judge Ward Kirby.

¶ 25      As is evident, the Board did not request any substantive relief from the circuit court. It was the PTAB, not the Board, that moved to consolidate the cases. It was also the PTAB that moved to clarify the court's consolidation order and requested that the consolidated case be assigned to Judge Ward Kirby. Contrary to Palos' argument, the record does not reflect that the Board took a stance upon either of these issues.

¶ 26      More importantly, regardless of the Board's participation in the proceedings below, the service requirements of the Act cannot be waived. *Gilty*, 218 Ill. App. 3d at 1083 (stating that the Act's provisions regarding service of process upon necessary parties are "mandatory" and "nonwaivable"). Palos cites various cases for the proposition that a party may waive objections to personal jurisdiction by entering a general appearance or by participating in the case. See, *e.g.*, *In re Estate of Ahern*, 359 Ill. App. 3d 805, 812 (2005). These cases are inapposite, because

personal jurisdiction is not at issue in this case. The service requirements of the Act are not jurisdictional but mandatory. *Cox v. Board of Fire & Police Commissioners of the City of Danville*, 96 Ill. 2d 399, 403-04 (1983); *Fragakis v. Police & Fire Comm'n of the Village of Schiller Park*, 303 Ill. App. 3d 141, 144 (1999). As this court has previously stated: "While not depriving the court of jurisdiction, the failure to comply with the mandatory requirement that summons be issued within the 35-day time frame requires the dismissal of the action unless the exception for good-faith compliance with the statute applies." *Brazas v. Property Tax Appeal Board*, 309 Ill. App. 3d 520, 527 (1999). Since, as has been discussed above, the good-faith exception does not apply, dismissal of Palos' suit was proper.

¶ 27                                    CONCLUSION

¶ 28        Because Palos failed to effect service upon the Board, a necessary party, and because the requirements of the Act must be strictly complied with and cannot be waived, the circuit court did not err in dismissing Palos' complaints for administrative review. The judgment of the circuit court is affirmed.

¶ 29        Affirmed.