2024 IL App (1st) 230667-U

SECOND DIVISION
January 23, 2024

No. 1-23-0667

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| CARLOS OCAMPO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 M1 115966 |
| | ) | |
| THE ILLINOIS CIVIL SERVICE COMMISSION | ) | |
| and THE ILLINOIS DEPARTMENT OF | ) | |
| REVENUE, | ) | Honorable |
| | ) | Eve M. Reilly, |
| Defendants-Appellees. | ) | Judge Presiding. |

PRESIDING JUSTICE HOWSE delivered the judgment of the court.
Justices Ellis and Cobbs concurred in the judgment.

ORDER

¶ 1 *Held*: The judgment of the circuit court of Cook County is affirmed; the trial court properly dismissed plaintiff's complaint for administrative review based on plaintiff's failure to serve defendants with summons as required by the Administrative Review Law; and the issue of whether the trial court erred when it entered an order striking transcripts plaintiff filed, is moot.

¶ 2 Plaintiff, Carlos Ocampo, filed a complaint for administrative review by the circuit court

of Cook County of a decision by defendant, the Illinois Civil Service Commission (the

Commission) and defendant, the Illinois Department of Revenue (the Department), to discipline

and discharge plaintiff. Defendants moved to dismiss plaintiff's complaint for administrative review. In response to the motion to dismiss, plaintiff attempted to file a second amended complaint for administrative review to add a stand-alone claim for retaliation under the Illinois Whistleblower Act. While the motion to dismiss was pending plaintiff filed several documents and pleadings, including transcripts of the hearing before the Commission. Defendants moved to strike the transcripts. The trial court granted defendants' motion to strike and granted defendants' motion to dismiss with prejudice on the grounds (1) the transcripts were not properly part of the record before the trial court and (2) plaintiff failed to strictly comply with the requirements of the Administrative Review Law by failing to serve defendants with summons by certified mail.

¶ 3    For the following reasons, we affirm.

¶ 4                                 BACKGROUND

¶ 5    On April 8, 2022, the Department terminated plaintiff's employment. Plaintiff appealed to the Illinois Civil Service Commission. An administrative law judge (ALJ) of the Commission recommended discharge on the ground plaintiff filed complaints against fellow employees in bad faith and created a hostile work environment. Specifically, the ALJ found that the Department had proven that plaintiff filed a bad faith complaint in retaliation against a fellow employee on four separate occasions and that plaintiff created a hostile work environment and engaged in conduct unbecoming based on a comment about another employee's manner of dress. The ALJ also found that plaintiff violated the Department's directives by engaging in pervasive behavior of making announcements about the many complaints with which he was involved.

¶ 6    On July 21, 2022, the Commission issued a "Finding and Decision of the Commission" affirming and adopting the "Proposal for Decision" of the ALJ and found that the written charges for discharge approved by the Director of the Illinois Department of Central Management

Services "have been partially proven and warrant discharge for the reasons set forth in the Proposal for Decision." The decision by the Commission informs plaintiff that decisions by the Commission may only be reviewed under the Administrative Review Law and lists "all parties of record to the appeal." Those parties are the Commission, the Department, and plaintiff. It does not include the Department of Central Management Services.

¶ 7    On August 11, 2022, plaintiff filed a complaint and request for review of the decision by the Commission to uphold plaintiff's discharge by the Department. As it pertains to this appeal, plaintiff's complaint for administrative review alleges the Commission's decision to uphold the Department's discharge of plaintiff is erroneous because the ALJ misapplied the law requiring that "just cause must be shown to justify dismissal and is generally job related" where submitting complaints to the Office of the Executive Inspector General (OEIG) is not job related. Plaintiff's complaint further alleged as follows: "Needless to say, the Plaintiff has a right to file OEIG complaints or any other 'unsupported complaints' *** under the State of Illinois Whistleblower Act since they were made under the good faith belief that there is corruption at the State of Illinois Department of Revenue." Plaintiff received a printed notice stating that he had a scheduled "Zoom" hearing on October 4, 2022, at 9:30 a.m.

¶ 8    On September 26, 2022, Plaintiff filed a transcript of the May 18, 2022, proceedings before the ALJ. Also on September 26, 2022, attorneys from the Office of the Illinois Attorney General's Office filed a document titled "Appearance." The Appearance stated that the undersigned Assistant Attorneys General "hereby enter the appearance of Defendant, the State of Illinois Department of Revenue, in the above captioned matter." The Appearance does not say that it is a limited appearance or that the Department appeared solely to challenge the circuit court's jurisdiction. At the same time it filed its appearance, the Department filed a "Motion to

Transfer" the cause to the Chancery Division of the circuit court of Cook County. The trial court granted the motion to transfer.

¶ 9    Also at the same time, the Department filed a motion to dismiss plaintiff's complaint for administrative review. The Department's motion argued that plaintiff's complaint should be dismissed because plaintiff "was required to cause summons to issue within 35 days of the final administrative decision" and plaintiff "has not complied with this mandatory requirement of the [Administrative Review Law.]" The Department's motion asserted that plaintiff had not caused summons to issue and the Department "has not otherwise been served with process." The Department argued that strict compliance with the Administrative Review Law is not jurisdictional but is mandatory, and the failure to comply must result in dismissal "unless there is a good-faith exception for failure to comply." The Department argued that a "good-faith exception" must be based on facts or actions outside of the plaintiff's control. The Department argued that there is no good-faith basis to excuse the summons requirement in this case. The Department argued that in this case, the failure to issue summons was entirely within plaintiff's control. The Department asked the trial court to dismiss the complaint with prejudice.

¶ 10    On September 27, 2022, plaintiff filed a response to the motion to dismiss. Plaintiff's response only argued that plaintiff filed the complaint and served the Director of the Department and the ALJ by email, and the Department filed an appearance and motion to dismiss "with the intention to participate in the scheduled Zoom Meeting on October 4, 2022." Plaintiff asked the trial court to "deny the Motion to Dismiss as moot given that the Defendant filed an appearance and will participate at the scheduled court hearing." The same day, plaintiff filed an "Amended Response to the Motion to Dismiss." Plaintiff's amended response asserted that plaintiff "electronically forwarded the filing and summons" to multiple attorneys for the Department.

Plaintiff's amended response argued that plaintiff's complaint also requested relief under the Illinois Whistleblower Act and, therefore, the trial court "has jurisdiction to hear at least the State of Illinois Whistleblower Act complaint of retaliation *** notwithstanding any technicalities under the State of Illinois Administrative Review Act." Plaintiff continued to ask the court to deny the motion to dismiss the complaint for administrative review "as moot given that the Defendant filed an appearance."

¶ 11    On August 29, 2022, the attorney for the Commission filed an appearance and a motion to dismiss the complaint for failure to comply with the Administrative Review Law and joined in the Department's arguments. The appearance did not state it was a limited appearance or mention jurisdiction.

¶ 12    On October 11, 2022, plaintiff purported to file an amended complaint. Plaintiff's purported amended complaint is not accompanied by a motion for leave to file an amended complaint. The alleged amended complaint states that it is submitted to support plaintiff's claims under the Illinois Constitution and the Illinois Whistleblower Act; however, the amended complaint does not allege facts regarding either. The amended complaint only states the procedural history of the case and alleges errors in the decision by the Commission. They include that the Commission's decision is too severe, the Commission erroneously found that plaintiff made complaints in "bad faith," and plaintiff's conduct is not job related. As for other claims, the purported amended complaint only states: "Needless to say, the Plaintiff had a right to file and discuss his OEIG or IDHR complaints submitted as a private citizen under matters of public concern under Section IV of the State of Illinois Constitution Freedom of Speech as well as the IL Whistleblower Act." Plaintiff asserted the trial court should "guard against the erosion" of protections afforded employees under the Whistleblower Act.

¶ 13 On October 18, 2022, plaintiff filed a pleading titled "Motion for Administrative Review Hearing" which allegedly included an amended complaint. Plaintiff did not file a motion for leave to file an amended complaint. The October 2022 pleading asserted that plaintiff previously served defendants with a "complaint requesting administrative review and a claim of retaliation under the State of Illinois Whistleblower Act." This pleading only recited plaintiff's conduct in attempting to provide notice to defendants. Plaintiff only alleged that he utilized email and the Odyssey Illinois electronic system to serve defendants and that his actions "complied with the Electronic Filing Required in Civil Cases."

¶ 14 On November 23, 2022, the Department filed a motion to strike "a number of documents filed by Plaintiff as improper." The Department's motion included transcripts from two days of hearings before the Commission on the grounds they are not a proper record and the amended complaint on the ground it was filed without leave of court. Plaintiff responded with a pleading titled "Notice of Transcript of Proceedings Filed" which argued that the transcripts were admissible pursuant to Illinois Rule of Evidence 216(d).

¶ 15 On December 19, 2022, plaintiff filed a motion for leave to file an amended complaint. Plaintiff's motion stated plaintiff filed the motion to:

"1. add the State of Illinois Department of Central Management Services as a

Defendant,

2. include facts to present a cause of action against all three Defendants for

violating the Freedom of Speech under the State of Illinois Constitution, and

3. include facts to present a cause of action against all three Defendants for

violating his right to discuss or submit complaints with the OEIG or IDHR under

the State of Illinois Whistleblower Act."

The motion did not include a proposed amended complaint.

¶ 16    On December 19, 2022, the trial court granted the Department's motion to strike, among other documents, the two transcripts of proceedings before the Commission and the amended complaint filed on October 11, 2022. The order granted plaintiff 28 days to file a motion for leave to amend his complaint. The record shows no motion or amended complaint was filed within the time allowed by the court.

¶ 17    On December 30, 2022, plaintiff purported to file an amended complaint. The amended complaint was not accompanied by a motion for leave to file an amended complaint as ordered by the trial court. The alleged December 2022 amended complaint states that it is filed, in part, to include facts to present a cause of action against all defendants for violating the Illinois Whistleblower Act. In a section of the alleged amended complaint titled "Freedom of Speech & State of Illinois Whistleblower Act" plaintiff alleges the Commission's final decision is "too severe," erroneously made the determination plaintiff made complaints in bad faith, and failed to show his conduct was related to his employment. Plaintiff repeated the same allegation that he had the right to make complaints under the Whistleblower Act (but nothing more).

¶ 18    On January 10, 2023, plaintiff filed a "Motion to Strike" the motion to dismiss in part because "of the superseding Amended Complaint on the record." That pleading claimed that plaintiff filed an amended complaint on December 30, 2022. The pleading does not mention an accompanying motion for leave to file the alleged December 2022 amended complaint. On January 17, 2023, plaintiff filed two "affidavits" "to support the Plaintiff's separate and distinct cause of action under the State of Illinois Whistleblower Act." In them, plaintiff averred that attached to the affidavits were a true and exact copy of the transcripts of proceedings before the Commission issued by the Department's attorney on behalf of the Commission.

¶ 19     On January 19, 2023, the trial court issued a written order in this case. The court's order states that the amended complaint filed on December 30, 2022 "is stricken, as it was filed without leave of court." The order set plaintiff's motion for leave to amend for briefing. Finally, in pertinent part, the order directed plaintiff to seek leave of court before filing anything further in this matter. Following briefing by the parties, the trial court set plaintiff's motion for leave to amend complaint for hearing.

¶ 20     On April 12, 2023, the trial court issued another written order in this case. The April 2023 order denied plaintiff's motion for leave to amend. The order noted that defendants moved to dismiss the complaint based on plaintiff's failure to comply with the mandatory requirement to issue summons by certified mail within 35 days of the final administrative decision absent good cause for failure to do so. The Order found that plaintiff's "purported amendments [to the complaint] do not establish facts which would cure the defense argued in Defendants' Motions to Dismiss, nor does Plaintiff's Motion allege a good-faith exception to strict compliance." Regarding whether the original complaint already contained a claim under the Whistleblower Act, the trial court's order finds that "a plain reading of the complaint *** does not show a separate cause of action alleged for violations of the Whistleblower Act ***, and the Act is only mentioned once in the context of demonstrating that the final administrative decision was 'unreasonable and arbitrary.' " The order further finds that plaintiff failed to argue the Department of Central Management Services was a party of record to the administrative proceedings before the Commission.

¶ 21     Finally, the trial court's order finds that even if the court were to consider plaintiff's stricken amended complaints as his proposed amended complaints, "these complaints too fail under the Code of Civil Procedure and Illinois fact-pleading requirements."

¶ 22    On April 13, 2023, the trial court issued a written order granting defendants' motions to dismiss plaintiff's complaint with prejudice. The trial court's order states it is "[b]ased upon Plaintiff's own admissions and failure to argue or demonstrate a good-faith exception" to the requirement to cause summons to issue within 35 days from the date of the final administrative decision.

¶ 23    This appeal followed.

¶ 24                                  ANALYSIS

¶ 25    This is an appeal from a final judgment granting a motion pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2022)) to dismiss a complaint for administrative review. "[A] section 2-619 proceeding enables the court to dismiss the complaint after considering issues of law or easily proved issues of fact. [Citation.] Section 2-619(a)(9), in particular, allows dismissal when 'the claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim.' 735 ILCS 5/2-619(a)(9) (West 1998)." *Neppl v. Murphy*, 316 Ill. App. 3d 581, 585 (2000). A section 2-619 motion is a proper method to attack a complaint for administrative review for failure to comply with the requirement that "a final administrative decision *** be commenced by the filing of a complaint *and the issuance of summons* within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision. (Emphasis added.) 735 ILCS 5/3-103 (West 2012)." (Emphasis in original.) *Palos Bank & Trust Co. v. Illinois Property Tax Appeal Board*, 2015 IL App (1st) 143324, ¶ 11. In this type of case, "[w]e review *de novo* a dismissal of a complaint pursuant to section 2-619." *Gunther v. State of Illinois Civil Service Comm'n*, 344 Ill. App. 3d 912, 914 (2003).

¶ 26 On appeal, plaintiff argues the trial court erred in granting the motion to dismiss for failure to comply with the Administrative Review Law (Act) because defendants filed a general appearance and because defendant stated a separate claim, not subject to the statutory requirements of the Act, for retaliation under the Illinois Whistleblower Act. Plaintiff also argued the circuit court is a court of original jurisdiction but plaintiff's reliance on the circuit court's original jurisdiction is misplaced in this case. Plaintiff argues that dismissing his complaint deprives him of his right to due process because it deprives him of his right to complain to the OEIG.[1]

¶ 27 Specifically, plaintiff argues that the trial court has personal jurisdiction of the parties because it is a court of original jurisdiction, its jurisdiction cannot be constrained by statute, and because the parties made a general appearance. Plaintiff argues the trial court erroneously focused on the Act rather than its own, constitutional, personal and subject matter jurisdiction over the controversy, which existed because plaintiff served the parties electronically (he never claims to have caused summonses to be issued or that he attempted to have summonses issued); the parties filed a general appearance; and because, allegedly, plaintiff stated a separate claim under the Whistleblower Act. Separately, plaintiff argues that he has a liberty interest under the Whistleblower Act to submit complaints to the OEIG absent termination from the Department and that without a trial the circuit court deprived him of that interest without a hearing.

---

[1] Plaintiff appears to have abandoned his claim the Department of Central Management Services should have been made a party to this appeal and, regardless, it is forfeited for our review. "A point not argued or supported by citation to relevant authority fails to satisfy the requirements of Supreme Court Rule 341(h)(7) (eff. Feb. 6, 2013)." (Emphasis in original.) [Citation.] Failure to comply with Rule 341(h)(7)'s requirements result in forfeiture of the issue on appeal." *Toushin v. Ruggiero*, 2021 IL App (1st) 192171, ¶ 73.

¶ 28 The defect in procedure that requires this court to affirm the trial court's order granting defendants' motion to dismiss is not a question of whether the trial court properly exercised its personal and subject matter jurisdiction. The issue is not jurisdictional; it is, in spite of plaintiff's argument, purely statutory—but that is appropriate in this context. The rules regarding the issuance of summonses in administrative review cases are clear and settled. This court's decision in *Gunther*, for example, is directly on point with this case. There, we held that, "[a]bsent a good faith effort on the part of the plaintiff to name and serve a necessary party as required by the Administrative Review Act, dismissal of the complaint for review is required." *Gunther*, 344 Ill. App. 3d at 914. This court has repeatedly and consistently adhered to the requirements of the Act, as applied in *Gunther*:

> "Section 3-102 of the Administrative Review [Act] (the Act) provides a party shall be barred from obtaining judicial review of an administrative decision unless review is sought within the time and in the manner provided. 735 ILCS 5/3-102 (West 2002). Section 3-105 provides that summons must be issued on the administrative agency and on each of the other defendants. 735 ILCS 5/3-105 (West 2002).

> Under section 3-103 of the Act, an affected party must file a complaint and issue summons within 35 days from the date that a copy of the final administrative decision was served on the party. 735 ILCS 5/3-103 (West 2002).

> The 35-day period for issuance of summons by the clerk of the court is mandatory, not jurisdictional. [Citation.] Nevertheless, the procedures for review must be strictly followed, because the Act is a departure from common law. [Citation.] *Gunther*, 344 Ill. App. 3d at 913-14.

11

See also *Palos Bank & Trust Co.*, 2015 IL App (1st) 143324, ¶ 11 ("a final administrative decision shall be commenced by the filing of a complaint *and the issuance of summons* within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision. [Citation.]" (Emphasis in original.)); and *Hanke v. Department of Professional Regulation*, 296 Ill. App. 3d 825, 829 (1998).

¶ 29    We reiterate that "[t]he Act is a departure from the common law, and parties seeking its application must adhere strictly to its procedures." *Hanke*, 296 Ill. App. 3d at 828. "A party seeking to invoke special statutory jurisdiction thus must strictly adhere to the prescribed procedures in the statute. [Citation.] Specifically, in order to obtain judicial review, a party must file its complaint for review *and issue summons* within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision." (Emphasis added and internal quotation marks omitted.) *Burns v. Department of Employment Security*, 342 Ill. App. 3d 780, 786 (2003).

¶ 30    Plaintiff attempts to rely on the fact he served defendants via electronic mail. However, the Act requires the issuance of summonses, not service by electronic mail, and strict compliance with that requirement is, usually, required. In *Hanke*, this court noted that:

> "[a]n exception to the 35-day requirement for issuance of summons does exist where, due to circumstances beyond the litigant's control, the summons was not filed within the 35–day period. [Citations.] In the cases that have relaxed the 35–day requirement for issuance of summons, the plaintiffs made a good-faith effort to issue summons within the prescribed period of time but, due to some circumstances beyond their control, summons was not issued within the 35-day period." *Id.*

This court has rejected requests to apply the narrow exception to the 35-day requirement where the plaintiff offered no explanation for the failure to issue summons, the record fails to disclose any evidence of a good-faith effort to comply, and there is no indication that the omission was due to some circumstances beyond the plaintiff's control. See *Hanke*, 296 Ill. App. 3d at 829 (and cases cited therein).

¶ 31     In this case, plaintiff argues he served defendants and their attorneys electronically and he suggests that this is sufficient under the Act. This court has rejected that same argument. In *Gunther*, the plaintiff also contended that service on the Illinois Attorney General, as counsel for the agency, was sufficient to notify the agency of the complaint. *Gunther*, 344 Ill. App. 3d at 914. This court held that the plaintiff is required to serve the agency and under the Act [s]ervice on the attorney for the agency does not suffice." *Id.* at 915. Thus, service upon the attorney for the agency, absent circumstances beyond the plaintiff's control that prevent service on the agency, does not constitute a good faith effort to serve the agency. *Id*. See also *Palos Bank & Trust Co.*, 2015 IL App (1st) 143324, ¶ 15 (and cases cited therein) ("the Act does not merely require substantial compliance; it requires strict compliance").

¶ 32     We find that the exception does not apply. Plaintiff in this case did not identify any factors beyond his control that prevented him from properly issuing summonses to defendants. Nor is electronic service upon defendants' attorneys sufficient. This court has consistently held that "[m]ere 'substantial compliance' is not enough to trigger the good-faith exception." *Palos Bank & Trust Co.*, 2015 IL App (1st) 143324, ¶ 17.

¶ 33     Nor do defendants' general appearances operate to save plaintiff from his failure to strictly comply with the Act. Once again, this court has expressly rejected that very same argument. In *Palos Bank and Trust Co.*, the plaintiff argued that the agency "waived any

objections to personal jurisdiction by seeking substantive relief from the circuit court and by voluntarily appearing in the *** case." *Palos Bank and Trust Co.*, 2015 IL App (1st) 143324, ¶ 21. This court rejected the factual claim that the agency sought substantive relief from the circuit court. *Id*. ¶ 25. But this court's decision was based on different grounds. This court found that "regardless of the Board's participation in the proceedings below, the service requirements of the Act cannot be waived. *Id*. ¶ 26 (citing *Gilty v. Village of Oak Park Board of Fire and Police Commissioners,* 218 Ill. App. 3d 1078, 1083 (1991), for the proposition that "the Act's provisions regarding service of process upon necessary parties are 'mandatory' and 'nonwaivable' "). See also *Lacny v. Police Board of the City of Chicago*, 291 Ill. App. 3d 397, 402 (1997) ("the requirements of the Act, generally speaking, are not waivable").

¶ 34　　In *Lacny*, the defendant argued that the right to dismissal based on noncompliance with the Act was waived because the department voluntarily appeared and filed a motion to dismiss. *Id*. This court rejected that argument not only because the requirements of the Act are nonwaivable but also because, "since the defendant's defense here is not a jurisdictional argument, the plaintiff cannot contend that the defendant waived the issue by appearing and filing a motion to dismiss." *Id*. This court found that since the issue was a mandatory requirement of the Act and not a jurisdictional one, the agency "was not required to file a special and limited appearance and could raise the issue in a motion to dismiss at any time before responding to the merits of the complaint." *Id*. That is precisely what occurred in this case, and we can find no error.

¶ 35　　The fact plaintiff has himself foreclosed review of the Commission's decision by failing to strictly comply with the Act does not violate his right to due process. "The right to procedural due process, which is guaranteed by the United States and Illinois Constitutions (U.S. Const.,

14

amend. XIV, § 1; Ill. Const. 1970, art. I, § 2), 'entitles an individual to "the opportunity to be heard at a meaningful time and in a meaningful manner." ' [Citations.]" *People v. Wells*, 2023 IL 127169, ¶ 25. "The due process clause protects fundamental justice and fairness. [Citation.] *** If the procedures used by an administrative agency violate fundamental fairness and a party's due process rights, the appellate court should reverse the agency's decision." *Pasic v. Department of Financial & Professional Regulation*, 2022 IL App (1st) 220076, ¶ 44.

¶ 36    We do not believe that the Act violates any principles of fundamental justice or fairness. The requirements of the Act are clearly stated and are not onerous. Plaintiff has cited no reason beyond his control that he could not issue summonses to defendants. Moreover, this court has held that a plaintiff may not complain of a due process violation where the dismissal of their administrative review action "was the result of his own failure to satisfy the reasonable statutory requirements of the [Act.]" *Van Milligen v. Department of Employment Security*, 373 Ill. App. 3d 532, 543 (2007) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982)).

¶ 37    In *Logan*, the United States Supreme Court wrote that:

> "[N]othing *** entitles every civil litigant to a hearing on the merits in every case. The State may erect reasonable procedural requirements for triggering the right to an adjudication, be they statutes of limitations, [citation], or, in an appropriate case, filing fees. [Citation.] And the State certainly accords *due* process when it terminates a claim for failure to comply with a reasonable procedural or evidentiary rule. [Citations.], What the Fourteenth Amendment does require, however, is an *opportunity *** granted at a meaningful time and in a meaningful manner, [citation,] for [a] hearing appropriate to the nature of the

case. [Citation.]" (Emphases in original and internal quotation marks omitted.)
*Logan*, 455 U.S. at 437.

¶ 38    In this case, plaintiff had the opportunity to obtain judicial review of the Commission's decision. By his own shortcomings, plaintiff simply missed his opportunity; but his due process rights were not violated. *Van Milligen*, 373 Ill. App. 3d at 543.

¶ 39    Finally, plaintiff never stated a claim for retaliation under the Illinois Whistleblower Act.

> "Illinois is a fact-pleading jurisdiction.
>
> Because Illinois is a fact-pleading jurisdiction, a plaintiff is required to set forth a legally recognized claim and plead facts in support of each element that bring the claim within the cause of action alleged. [Citation.] *** [A] complaint must be both legally and factually sufficient. A liberal construction of pleadings will not allow a litigant to resort to notice pleading, and conclusions of fact will not suffice to state a cause of action regardless of whether they generally inform the defendant of the nature of the claim against him. [Citations.]" *Beauchamp v. Dart*, 2022 IL App (1st) 210091, ¶ 29.

¶ 40    Initially, we agree plaintiff never properly filed an amended complaint. "Typically, [i]n order to file an amended complaint, the plaintiff must seek and obtain the court's permission. [Citation.]" (Internal quotation marks omitted.) *Kerbes v. Raceway Associates, LLC*, 2011 IL App (1st) 110318, ¶ 14.

> "A complaint adding a claim *** cannot be filed without an express grant of leave. [Citations.] Failure to obtain leave has been deemed a jurisdictional

defect and thus non-waivable. [Citation.] In any case, an amended pleading filed

without leave *** must be disregarded on appeal. [Citations.] Finally, such leave

must be expressly granted by court order and will not be implied. [Citation.]"

*Greene v. Helis*, 252 Ill. App. 3d 957, 960 (1993).

¶ 41    At no time did plaintiff properly seek or receive leave to file an amended complaint as

directed by the trial court. Thus, we may only consider the original complaint. Regardless, even

if we were to consider the "amended" complaints, they suffer the same defect that precludes

plaintiff from stating a claim under the Whistleblower Act: a failure of allegations of specific

facts as the trial court found in its written order.

"[T]he purpose of pleadings is to present, define, and narrow the issues

and limit the proof needed at trial. [Citation.] Pleadings are intended not to erect

barriers to a trial on the merits but instead to remove them and facilitate the trial.

*Id.* The object of pleadings is to produce an issue asserted by one side and denied

by the other so that a trial can determine the actual truth. [Citations.] ***

The degree of specificity required to sufficiently plead a cause of action in

any case is difficult to determine and is dependent upon the individual

circumstances of each case." *Borcia v. Hatyina*, 2015 IL App (2d) 140559, ¶¶ 37-

38.

"The allegations are sufficiently specific if they reasonably inform the defendants by factually

setting forth the elements necessary to state a cause of action." *People ex rel. Scott v. College

Hills Corp.*, 91 Ill. 2d 138, 145 (1982).

¶ 42    Plaintiff's allegations do not inform defendants of the cause of action plaintiff

purportedly asserts and fail to narrow the issues and limit the proof needed at trial. The

Whistleblower Act contains multiple provisions and exceptions. 740 ILCS 174/1 through 174/40 (West 2022). Plaintiff does not specify the provision of the Whistleblower Act under which he believes he stated a claim. That fact alone is demonstrative of plaintiff's failure to comply with Illinois' fact-pleading requirement. *People ex rel. White v. Busenhart*, 29 Ill. 2d 156, 162 (1963) (holding paragraphs of proposed complaint that allege violations of the school law with either no specific citation or an erroneous citation fails to comply with current Rule 133 requiring that "[i]f a breach of statutory duty is alleged, the statute shall be cited in connection with the allegation").[2] However, based on plaintiff's statements about complaints to the OEIG, we presume plaintiff would mean to proceed under section 15 of the Whistleblower Act, which provides as follows:

"(a) An employer may not retaliate against an employee who discloses information in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceeding, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.

(b) An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS 174/15 (West 2022).

"[T]o establish a cause of action under section 15(b), the employee must show (1) an adverse employment action by his or her employer, (2) which was in retaliation (3) for the employee's disclosure to a government or law enforcement agency (4) of a suspected violation of an Illinois

---

[2] We make no finding that Illinois Supreme Court Rule 133 applies to claims under the Whistleblower Act.

18

or federal law, rule, or regulation. [Citation.]" *Sweeney v. City of Decatur*, 2017 IL App (4th) 160492, ¶ 15.

¶ 43    Giving plaintiff's original complaint a liberal construction, plaintiff alleges with regard to a claim under the Whistleblower Act that he was accused of making "unsupported complaints" about the Department but they were made "under the good faith belief that there is some corruption at the State of Illinois Department of Revenue." We can glean no other allegations even arguably connected specifically to a claim under the Whistleblower Act. The purported first amended complaint (filed October 11, 2022, without leave of court) alleges at most that plaintiff made complaints to the OEIG "on matters of public concern" and that he had a right to do so under the Whistleblower Act. Plaintiff's purported second amended complaint (filed December 30, 2022, without leave of court) repeats the "matters of public concern allegation." The December complaint also states that plaintiff was charged by the Department with sending emails to various State agencies accusing Department employees of "conspiring with the mafia and orchestrating attacks on [him]" but he then goes on to allege that "[plaintiff] never mentioned that incident to anyone."

¶ 44    In any event, nowhere does plaintiff allege he suffered an adverse employment action (see *Del Signore v. Nokia of America Corp.*, 20 C 4019, 2023 WL 3292570, at *7 (N.D. Ill. May 5, 2023) ("actionable retaliation does not consist of just any adverse action that may have made plaintiff uncomfortable; the employer's allegedly retaliatory action has to be 'materially adverse,' which means harmful enough to have 'dissuaded a reasonable worker' from engaging in protected activity"); that such action was in retaliation for his disclosure of these unspecified "claims" of "corruption" to the OEIG; or that anyone at the Department violated any law, rule, or regulation or what that might be. See *Sweeney*, 2017 IL App (4th) 160492, ¶ 25 (holding the

plaintiff did not allege facts showing he reported or disclosed information about an alleged violation of Illinois law and concluding that "[the] plaintiff did not blow the whistle").

¶ 45    We find that in this case, plaintiff's original, and "amended," complaints fail to plead facts that bring the claim within a legally recognized claim under the Whistleblower Act. Therefore, plaintiff's argument the trial court should not have dismissed the complaint based on plaintiff's failure to comply with the Act because the complaint contained an independent claim under the Whistleblower Act must fail. Furthermore, a dismissal should be made with prejudice "only where it is clearly apparent that the plaintiffs can prove no set of facts entitling recovery." *Mayle v. Urban Realty Works, LLC*, 2022 IL App (1st) 210470, ¶ 81. "A circuit court may properly dismiss a complaint with prejudice *** where it is clearly apparent that the plaintiff can prove no set of facts that entitles them to recovery, and we review *de novo* the court's decision in that regard." *Bellik v. Bank of America*, 373 Ill. App. 3d 1059, 1065 (2007). This court has affirmed dismissal with prejudice where the plaintiff "offered no potential amendments to his original complaint to cure its defects." *Id.*

¶ 46    We find, given his allegations thus far, it is clearly apparent that plaintiff will be unable to allege any set of facts under which plaintiff could prevail on a claim under the Whistleblower Act. Plaintiff believed, erroneously, that he amended his complaint specifically for the purpose of stating a claim under the Whistleblower Act. Twice, plaintiff failed in that regard. Moreover, the record clearly demonstrates that the Department terminated plaintiff based on plaintiff's conduct without any evidence of retaliation. We find that the trial court properly granted the motion to dismiss plaintiff's complaint with prejudice.

¶ 47    Plaintiff also argues the trial court erred in striking the transcripts of the administrative hearings before the Commission. We note that, in light of our holding that the trial court properly

dismissed the complaint, this issue is moot. "A case on appeal becomes moot when intervening events have made it impossible for the reviewing court to grant effective relief to the complaining party. [Citation.] 'As a general rule, courts in Illinois do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided.' [Citation.]" *In re County Treasurer*, 2022 IL App (1st) 200604, ¶ 11. Our disposition has made it impossible to grant effective relief to plaintiff on the issue of the admissibility of the hearing transcripts. Following our general rule, we will not decide this moot question, which would amount to an impermissible advisory opinion. *GlidePath Development LLC v. Illinois Commerce Comm'n*, 2019 IL App (1st) 180893, ¶ 27.

> "Even if the case is pending on appeal when the events that render an issue moot occur, we will generally not issue an advisory opinion. [Citation.] When it becomes apparent that an opinion cannot affect the results as to the parties or the controversy before it, the court should not resolve the question merely for the sake of setting a precedent or to govern potential future cases." *Id.*

¶ 48                                    CONCLUSION

¶ 49   For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 50   Affirmed.